SCHOOL DISTRICT NUMBER FORTY-NINE, ADAMS COUNTY, V. JAMES COOPER.

FILED APRIL 5, 1895. No. 4986.

1. **Transcripts for Review:** PROCEEDINGS DEFINED. Section 586 of the Code of Civil Procedure construed, and *held*, the word "proceedings" in this section includes duly certified copies of the pleadings on which an action was tried. If tried on pleadings filed originally in the district court, then the record brought here must contain certified copies of those pleadings. If tried in the district court without original pleadings and on proceedings certified upon appeal, then the record here must contain certified copies of such proceedings.

2. ———: ORIGINAL RECORDS. This requirement of the statute is jurisdictional and cannot be waived by the parties; and the filing in this court of the original pleadings used in the district court will not answer the requirements of the statute. *Moore v. Waterman*, 40 Neb., 498, followed.

3. ———: STIPULATION TO USE ORIGINAL PAPERS UPON REVIEW. Even though the parties should so stipulate, the original pleadings, files, or proceedings of the case cannot be examined in reviewing such case, either on appeal or error.

4. **Bill of Exceptions:** AUTHORITY OF CLERK TO SIGN: STIPU-LATION. The mere stipulation of counsel in a case that the clerk of the court may sign and allow a bill of exceptions is not sufficient to confer authority upon him to do so. To confer authority upon the clerk of a district court to sign and allow a bill of exceptions it must appear that the judge is dead, or that he is prevented by sickness, or absence from his district, from signing and allowing the bill; or, the parties or their counsel

must agree upon the bill of exceptions and attach thereto their written stipulation. to that effect. *Scott v. Spencer*, 42 Neb., 632, followed.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*C. H. Tanner*, for plaintiff in error.

*Batty & Dungan*, contra.

RAGAN, C.

James Cooper recovered a judgment in the district court of Adams county against school district No. 49 of said county, to reverse which the school district prosecutes to this court a petition in error.

It appears from the briefs of counsel that the school district had caused an acre of land belonging to Cooper to be taken and appraised for school purposes, and from the appraisal so made Cooper appealed, or attempted to appeal, to the district court, where the case was tried to a jury and the verdict rendered on which the judgment sought to be reversed was based. We find ourselves unable to review the errors, or any of the errors, assigned by counsel for the school district for the following reasons:

1. The record filed here, purporting to be a transcript of the record of the case from the district court, begins by citing that the case came on for hearing upon the special appearance of the school district objecting to the jurisdiction of the court; that this objection was overruled and Cooper was granted leave to file an appeal bond *nunc pro tunc;* that the case then came on for hearing on the motion of Cooper to suppress certain depositions, which motion the court sustained; the calling and swearing of a jury, the submission of the case to it, their verdict, and the judgment of the court thereon; and this is all that the record here contains. In other words, there are in the record

none of the appraisement and condemnation proceedings out of which this action grew, nor any pleadings on which the action was tried. The case was probably not tried on pleadings filed originally in the district court, nor does it seem that in a case like this one such pleadings were at that time necessary; but in order for us to review this judgment the plaintiff in error must bring here a duly certified transcript of all the proceedings had in the district court. Section 586 of the Code of Civil Procedure provides: "The plaintiff in error shall file with his petition [in error] a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified." The word "proceedings" in this section includes duly certified copies of the pleadings on which the action was tried. If tried on pleadings filed originally in the district court, then the record here should contain certified copies of those pleadings; if tried in the district court without original pleadings and on the proceedings certified upon appeal, then the record here should contain certified copies of such proceedings. In the case at bar, if this action was tried in the district court on the appraisal and condemnation proceedings had, then the record here, in order for us to review the judgment pronounced, should contain certified copies of such appraisal and condemnation proceedings. Accompanying the record in this case are what is generally denominated the original files of the action belonging to the district court of Adams county. The record shows that counsel for the parties to this suit stipulated that these original files might be used in this court on the hearing of this petition in error. Notwithstanding the stipulation of counsel the court is without authority to consider these filings, or any of them, on this hearing. The statute provides, as already seen, that the plaintiff in error shall file with his petition in error a transcript of the proceedings containing the final judgment sought to be reviewed. A transcript does not mean

the original papers, but copies of them duly certified. This requirement of the statute is jurisdictional and cannot be waived by the parties; and the filing in this court of the original pleadings used in the district court does not take the place of such transcript. (*Moore v. Waterman*, 40 Neb., 498.) Parties may use in this court the original bills of exceptions instead of a transcript thereof. (Sec. 587*a*, Code of Civil Procedure.) But the original pleadings, files, or proceedings of a case cannot be examined by this court in the hearing of such case, either on appeal or error.

2. We are unable to review this judgment for another reason. The record does not show that a motion for a new trial was made in the court below. It has been so many times decided by this court that in order for it to review the judgment of a district court, or the proceedings on the trial on error, that a motion for a new trial must be made and filed in and brought to the attention of that court, that it is unnecessary to cite the cases. Counsel for the parties to this action stipulated in writing as follows: "It is hereby stipulated and agreed by and between the parties hereto, by their respective attorneys, that J. H. Spicer, clerk of the district court of Adams county, shall sign and settle the within bill of exceptions and make the same a part of the record in this case, etc." In pursuance of this stipulation the clerk of the district court signed and settled the bill of exceptions. This stipulation is almost identical with the stipulation in *Scott v. Spencer*, 42 Neb., 632, and it was there held that the mere stipulation of counsel in a case that the clerk of the court may sign and allow a bill of exceptions is not sufficient to confer authority upon him to do so. That to confer authority upon the clerk of a district court to sign and allow a bill of exceptions it must appear that the judge is dead, or that he is prevented by sickness or absence from his district from signing and allowing the bill; or the parties to the litiga-

tion or their counsel must agree upon the bill of exceptions, and attach thereto their written stipulation to that effect. In the case at bar counsel do not stipulate that what purports to be the bill of exceptions is in fact such; they simply stipulate that the clerk may sign and allow the bill. If the record before us, then, contained a certified transcript of the pleadings or proceedings had in the district court we would still be unable to examine the evidence.

Almost the entire argument of counsel for the plaintiff in error is directed to the point that the district court had no jurisdiction of the subject-matter of the action in which it pronounced the judgment sought to be reviewed. From counsel's statement of the facts it would seem that this contention is correct; but this court can know nothing of a case except what it gathers from the record before it; and since we do not know from the record what the original controversy between the school district and Cooper was, what was done in that controversy prior to the time it reached the district court, nor what the district court had before it and on which it acted, we are unable to say whether or not counsel's contention is correct. We have here simply the judgment of the district court, a court of general jurisdiction, and every reasonable presumption must be indulged as to the correctness of that judgment. It follows, therefore, that the judgment of the district court must be and is

AFFIRMED.