Hon. T. L. NORVAL, } Judges.
Hon. J. J. SULLIVAN, }

Hon. ROBERT RYAN, }
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE, }

---

ROYAL TRUST COMPANY OF CHICAGO V. EXCHANGE BANK OF CORTLAND ET AL.

55 663
s56 558
56 559

FILED SEPTEMBER 23, 1898. No. 8078.

1. **Transcript for Review.** The words, "A transcript of the proceedings," as employed in section 586 of the Code of Civil Procedure to designate what shall be filed with a petition in error, include within their meaning duly certified copies of the original papers and pleadings in the trial court, which it is sought to present to the attention of the appellate court. The filing of the original papers and pleadings is not contemplated, and will not fulfill the requirements of the statute. (*School District v. Cooper*, 44 Neb. 714; *Moore v. Waterman*, 40 Neb. 498.)

2. **Opening Judgments: COUNTY COURT: PRACTICE.** The provisions of section 1001 of the Code of Civil Procedure relative to setting aside a judgment by default are applicable to practice in the county court in all civil actions regardless of the amount in controversy.

(663)

3. ——: ——: ——. The order must be conditional in the first instance; and that notice of the time and place of trial be given to the adverse party is jurisdictional, and unless given, the final order cannot be made. (*Tootle v. Jones*, 19 Neb. 588.)

4. ——: ——: ——. If a conditional order has been made in the county court in a case which, by reason of the amount, calls for trial within term time, an order which finally overrules the motion to set aside the judgment may be made by the county judge during vacation, if both parties consent that an order be made in the matter at that time.

5. ——: ——: ——. Where such an order has been made during vacation, it is voidable, not void; and in the absence of proof or showing to the contrary, it will be presumed that the assent to the authority to make it at that time was given. (*Hansen v. Bergquist*, 9 Neb. 269.)

6. Journal Entry: EXCEPTIONS. If a journal entry of a hearing and determination of a matter recites that a party to the action noted an exception to a ruling or order, it will be presumed that such party was present in person or by counsel. (*Rose v. Burr*, 43 Neb. 358.)

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Reversed.*

*C. C. Flansburg*, for plaintiff in error.

*Davis, Hibner & Whitmore*, contra.

HARRISON, C. J.

March 13, 1894, the plaintiff in error instituted an action in the county court of Lancaster county against defendants in error to recover the sum of $823.26 alleged to be its due from them. Summonses were issued and served, returnable at the next term of the court; and on a day of such term, the parties having been served and not appearing, a judgment by default was entered against them. This was done of date April 11. With reference to the occurrences thereafter, we will quote from the transcript of the county court record:

"April 18, 1894. On motion of the defendants, and confession of judgment for costs this day filed, it is or-

dered and adjudged that the defendants pay the costs herein made to this date, taxed at $10.95, and that the default and judgment herein be set aside conditionally upon defendants' notifying the plaintiff of the opening of said judgment, and the time and place of trial of said cause, according to law.

"JOSEPH WURZBURG,
"*Acting County Judge.*"

"April 24, 1894. Defendants file affidavit of W. J. Brown, and answer and cross-petition. May 3, 1894. Defendants file motion for security for costs. June 16, 1894. Plaintiff files motion to overrule conditional order setting aside judgment, and to confirm original judgment, because conditional order has not been complied with. July 3, 1894. Defendants' motion for security for costs is granted, and ordered that plaintiff file security by 13th instant. August 1, 1894. Cause comes on to be heard on plaintiff's motion to set aside the conditional order setting aside the original judgment herein, and to confirm said original judgment, because said order has not been complied with. On consideration thereof I find that said order has not been complied with; and it is ordered and adjudged that said conditional order be set aside; and that the original judgment herein be and it is hereby confirmed; and that plaintiff recover the costs of increase taxed at $8. To this order the defendants except. August 8, 1894. Defendants file affidavit alleging that the conditional order herein was complied with and a notice served upon plaintiff of the filing of the defendants' motion for security for costs, and that plaintiff has failed to comply with the order of the court to give security for costs."

The case was by the now defendants in error removed to the district court for review of the order, which, however worded, was in effect but a denial of the motion to set aside the judgment. In the district court the order of the county judge and the judgment were reversed and the cause retained for trial. So much of the journal entry

of the proceedings as we deem it necessary to particularly notice is as follows:

"And this cause having been heretofore, on a former day of this term of court, to-wit, March 13, 1895, argued and submitted to the court upon the petition in error, transcript of proceedings had, and the original papers and pleadings in the county court of Lancaster county, Nebraska, now comes on for final determination, and, after due consideration, the court, being fully advised in the premises, finds that there is error in the proceedings and judgment of the said county court in that the said county court erred in rendering judgment in vacation upon defendants' motion to set aside the conditional order made by said court, said motion being acted upon by the said county court on the first day of August 1894, which is admitted by the parties hereto in open court to have been in vacation, and the record not showing affirmatively that plaintiffs in error were present in said court upon said date, or in any way assented to the court passing upon said motion at said time, the ruling of the county court in setting aside such conditional order and its judgment thereon is therefore reversed, and cause ordered docketed in this court for trial."

The section of the Code of Civil Procedure in which is prescribed the method of procedure to open default judgments rendered by justices of the peace is as follows: "When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions: First—That his motion be made within ten days after such judgment was entered. Second—That he pay or confess judgment for the costs awarded against him. Third—That he notify in writing the opposite party, his agent, or attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time, if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial." (See

Royal Trust Co. v. Exchange Bank.

Code of Civil Procedure, sec. 1001.) This has been deter-
mined applicable to the practice in county courts in all
cases regardless of the amount in controversy. (See
*State v. Smith*, 11 Neb. 238.) When the matter was heard
in the district court on the petition in error of the now
defendants in error, there was filed for the adverse par-
ties what was styled a plea in bar to the petition in error,
in which certain things were stated which it was urged
called for a dismissal of the error-proceedings. Of the
issues joined on this plea there was a trial, and the evi-
dence then introduced has been preserved in a bill of ex-
ceptions and brought to this court with the petition in
error.

It is argued for defendants in error that the decision on
the question of the force of the plea to the petition in
error is all of the proceedings in the district court which
is now before this court for consideration. This position
is clearly untenable. The journal entry of what occurred
in the trial court embraces the determination of the other
point, *i. e.*, the power of the county judge to finally deny
at the time he did the motion to set aside the judgment
by default, and both branches of the decision of the dis-
trict court have been presented here for review. As to
what the district court had before it and weighed relative
to the order of the county judge, by which there was a
final denial of the demand to open the default judgment,
we must, in the absence of any other or further informa-
tion on the subject, be governed by the statement in the
journal entry, which is that it was "argued and sub-
mitted to the court upon the petition in error, trans-
cript of proceedings had, and the original papers and
pleadings in the county court of Lancaster county." Of
the things enumerated the original papers and pleadings
should not have been considered, for, from a fair reading
of the foregoing excerpt from the entry, the conclusion
follows that such papers and pleadings were before the
court as portions of the record of the county court, and
they could only properly be so by being made by copies

· parts of the transcript. (*School District v. Cooper*, 44 Neb.
714; *Moore v. Waterman*, 40 Neb. 498.)

We will now turn to and examine the order of the district court by which it worked a reversal of the order and
judgment of the county judge, and involved in such examination is the consideration of the order of the county
judge. We have hereinbefore quoted section 1001 of the
Code of Civil Procedure. It has been said by the court in
the decision in case of *Tootle, Hosca & Co. v. Jones*, 19 Neb.
588, of this section that: "By an examination of this section it will be seen that the order setting aside a judgment can be made only on three conditions. These are,
the making of the motion within the time prescribed, the
payment of costs, or that judgment therefor be confessed,
and that the party seeking to set it aside give written
notice of the same, and of the time of trial. These conditions are precedent. If the motion should be made after
the expiration of the time in which the law provides it
may be made, the justice could not molest the original
judgment. If the defendant refused to pay or confess
judgment for costs, he would have no power to act. The
same is true if the notice be not given. The judgment can
only be set aside conditionally in the first instance.
(Maxwell, Justice Practice 76.) If the judgment is thus
conditionally set aside, and the notice is not given nor
waived, that fact should be stated on the docket, without
hearing any testimony, and the motion overruled.
(Swan's Treatise [12th ed.] 104.)" It will be remembered,
as we have shown in the portions of the record of the
county court which we have copied herein, that the judge
made a finding that there had been a non-compliance with
the condition of the order, and the only condition thereof
was that in regard to notice of the time and place of trial,
from which we must conclude that the facts warranted
the order made by the judge within the rule applicable
as announced by this court in the case to which reference
has just been made.

There is the further question, did the county judge

have the authority to make the order on a date out of regular term time? It has been decided that such an "order is voidable, not void" (*Hansen v. Bergquist,* 9 Neb. 269); also, in the same opinion, that with the consent of parties the order may be made out of term time; and further, in the absence of proof or showing to the contrary, such assent will be presumed. In the case at bar, to the extent the record properly presented to the district court as disclosed by the statements in the entry of its proceedings and decision, the presumption of assent to hear and determine the matter must prevail; and further in this connection it is stated in the entry of the acts and order of the county judge that the defendants excepted to the making of the order. This is sufficient to raise the presumption that the parties were present in person or by counsel, and it does not appear they objected to the hearing and determination of the matter at that time. (*Rose v. Burr,* 43 Neb. 358.) It follows that the judgment of reversal rendered in the district court was erroneous. It must be and is reversed, and the petition in error from the judgment of the county court dismissed.

As this disposes of the entire matter, it is unnecessary to discuss or determine the force of the adjudication of the district court relative to the other point in the litigation.

REVERSED.