New Home Sewing-Machine Company v. Wright
Thornburg et al.

Filed November 17, 1898. No. 8427.

1. **Records of County Court: Mandamus: District Court.** It is the duty of the county judge to make up a record containing a true history of the proceedings had before him in every cause; and the district court is authorized, upon a proper showing, to coerce the performance of such duty.

2. **Jurisdiction of District Court: Inferior Courts: Transcripts for Review.** The jurisdiction of the district court to review and reverse the judgment or final order of an inferior court, board, or other body exercising judicial functions does not attach until there is presented to it a duly authenticated transcript of the record containing the judgment or final order complained of.

Error from the district court of Webster county. Tried below before Beall, J. *Reversed.*

*John P. Maule,* for plaintiff in error.

*James McNeny, contra.*

Sullivan, J.

In the county court of Webster county Wright Thornburg recovered judgment against the New Home Sewing-Machine Company for expense incurred and time lost in defending an ordinary civil action alleged to have been instituted against him maliciously and without probable cause. To purge the record in that case of false entries and to obtain a reversal of the judgment rendered against it the company filed in the district court of said county a petition alleging, in addition to the facts already mentioned, (1) that the plaintiff is a Massachusetts corporation and has neither an office nor place of business in this state; (2) that the officer's return of service on the summons issued by the county judge is as follows: "The president, secretary, or treasurer could not be found in my county, and I therefore served this summons on the

within named C. S. Jones, agent of the New Home Sewing-Machine Company, by delivering to him a true and certified copy of the same, with all the indorsements thereon. C. L. Winfrey, Constable;" (3) that the company seasonably challenged the jurisdiction of the county court over its person and showed the court by affidavit that C. S. Jones, on whom the writ was served, was not the company's managing agent and possessed no authority from it except to travel in the state soliciting orders and collecting money; (4) that the company did not at any time appear in the action, except to object to the jurisdiction of the court; (5) that the challenge to the jurisdiction was overruled and judgment rendered in favor of Thornburg for $235.50, without any evidence being produced or any trial being had; (6) that the defendant James Duffy, the county judge before whom the proceedings were had, made entries in the record of the case showing that the company had appeared generally in the action; (7) that these entires were false, and that Duffy had refused, on request, to correct the same. Both the defendants joined in a general demurrer to the petition. The demurrer was sustained and the action dismissed. Of this ruling of the district court the company complains and brings the record here for review.

The judgment must be reversed. Section 28 of chapter 19, Compiled Statutes 1897, is as follows: "The district court may, by rule, compel an inferior court or board to allow an appeal, or to make or amend records according to law, either by correcting an evident mistake or supplying an evident omission." By this section the district court was authorized to compel Duffy, as county judge of Webster county, to write a true history of the case; and, on the conceded facts, it should have exercised its authority. The remedy of the company, by a proceeding in error to reverse the judgment on the ground that it was rendered without jurisdiction of its person, being obstructed by false recitals of fact contained in the record of the case, its right to have those

recitals stricken out and the record corrected and made to speak the truth, is a substantial one. The relief demanded, to this extent, should have been granted.

The further contention of the company that its petition in the district court should have been treated as a petition in error, and that the judgment of the county court should have been reversed, cannot be sustained. Assuming the averments of the petition to be true, the record of the county court is, by no means, lacking in reversible error; but, until a duly authenticated transcript of such record shall be presented to it, the district court is not authorized to review the proceedings and reverse the judgment. No attempt has been made here, either by brief or oral argument, to justify the ruling of the district court on the demurrer, and we are not informed upon what theory it was held that the petition did not make a case entitling the company to a correction of the record. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.