W. A. SAUSSAY ET AL. v. WILLIAM J. LEMP BREWING COM-
PANY.

FILED APRIL 2, 1902.   No. 11,418.

Commissioner's opinion, Department No. 3.

1. **Judgment:** JUSTICE OF PEACE: REVIEW: TRANSCRIPT. When the
   judgment of a district court, in a proceeding in error to review
   the judgment of a justice of the peace, is sought to be re-
   viewed in this court, the transcript in this court must contain
   the judgment of the justice of the peace and such other process
   and proceedings as are sought to be reviewed or corrected.

2. **Error:** PROCESS: AMENDMENT OF RETURN: BILL OF EXCEPTIONS.
   This court can not decide whether the district court erred in
   permitting an amendment to the return of a process, unless
   the process and the original return thereto, or authenticated
   copies of them, are preserved in the record or bill of exceptions.

3. **Transcript of Journal:** ABSENCE: RECITAL IN BILL OF EXCEPTIONS.
   When the record in a proceeding in this court does not contain
   a transcript from the journal of the district court of an alleged
   order made by that court, its absence is not supplied by a
   recital in the bill of exceptions, certified by the court reporter
   to be true, that such an order was made, if the judge, at the
   time of settling the bill of exceptions, certifies that the recital
   is false and orders it to be stricken out.

ERROR from the district court for Douglas county.
Tried below before KEYSOR, J.  *Affirmed.*

*Charles Ogden* and *Joel W. West,* for plaintiffs in error.

*Ed P. Smith* and *James B. Sheean, contra.*

AMES, C.

This case has apparently been brewing a good while,
but the results disclosed by the record in this court are
not such as to apprise us with any certainty what it is
all about, or to enable us to pass upon them either intelli-
gently or intelligibly.  The transcript contains what pur-
ports to be a copy of an affidavit in replevin in a justice's
court in an action in which the William J. Lemp Brewing
Company, a corporation, is named as plaintiff, and one

W. A. Saussay, a constable, and Kirchoff & Neubarth, apparently a copartnership, are named as defendants; but this document does not purport to have been certified by any justice of the peace, to have ever been filed before him, or to have ever been in his official custody. Following this are a motion for a new trial in the district court of Douglas county in the case at bar and an order overruling the same and a judgment by the last-named courts dismissing the action in that court, and for costs. There is a bill of exceptions preserved in the district court, to which are attached six exhibits, as follows: First, a bill of particulars in the justice's court in a suit by Kirchoff & Neubarth against Henry Wiese and Frederick Dahlman. Second, a summons issued by a justice of the peace upon said bill of particulars, with a return of service thereon by W. A. Saussay. Third, what purports to be a copy of an affidavit in replevin identical with that above mentioned and contained in the transcript. Fourth, a purported copy of a summons in replevin issued by a justice of the peace as pursuant to said purported copy of an affidavit in replevin, and a purported copy of a return of said writ by a constable, but it appears sufficiently from the bill of exceptions that this return was not in fact made by a constable or other officer. Fifth, a purported copy of an execution issued by a justice of the peace upon a judgment in favor of the plaintiff, in a suit by Kirchoff & Neubarth against Henry Wiese and Frederick Dahlman, together with a purported copy of a return by W. A. Saussay, constable, showing a levy upon certain personal property. Sixth, a purported copy of a writ in replevin in justice's court at the suit of the William J. Lemp Brewing Company against W. A. Saussay and Kirchoff & Neubarth. There is also attached to the bill of exceptions what purports to be a copy of a justice's judgment in favor of the plaintiffs in the suit of Kirchoff and Neubarth against Wiese and Dahlman. Neither this judgment nor any of the foregoing exhibits bear any official certification or other authentication. There are no pleadings in the tran-

script in the case at bar,, no judgment or transcript or purported copy of one in a justice's court in any action in replevin, and no petition in error in the district court to review any such judgment.

The requirement of section 586 of the Code, that "the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified," applies equally to proceedings in error in the district court and in this court, and in the absence of such a transcript the court has no jurisdiction to proceed further than to dismiss the petition in error. *Zink v. Westervelt*, 52 Nebr., 90. It follows that the judgment of the district court was the only one that it could rightfully have rendered upon the record before us. Whether in an earlier stage of the proceeding the district court reversed a judgment of an inferior tribunal, or how this case found its way to a place upon its docket, or what was the precise subject of the litigation, or how the court acquired jurisdiction over it, the transcript does not disclose. We may gather from the bill of exceptions that the principal controversy was over the truth or falsity or the sufficiency of the return of a constable to a writ of replevin issued by a justice of the peace, and as to the right or authority of the court to amend the return, or permit it to be amended.

It is contended by the plaintiff in error that the district court did make an order permitting such an amendment, but the record contains no transcript of such order. The bill of exceptions contains an entry showing that the court did make such an order, and the court reporter certifies that the entry is true, but the judge in his certificate to the bill asserts that it is false, and orders it to be stricken out.

We think it is usually regarded as the better practice in such cases to accept the certificate of the judge rather than that of the reporter. If the other matters inquired into upon the trial were to be considered, we should have no hesitancy in saying that the conclusions of the court

adverse to the plaintiff in error are sufficiently sustained by the evidence.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.