## F. C. SMITH v. JOHN DELANE.

FILED OCTOBER 5, 1905. No. 13,852.

1. **Process: OBJECTIONS TO SERVICE.** Where a party makes a special appearance, objecting to the jurisdiction of the court because of irregularities in the service, it is incumbent upon him to point out the defects upon which he relies.

2. **Review: TRANSCRIPT.** In proceedings in error, the plaintiff is required to file a transcript of the proceedings of the lower court with his petition in error, and the original papers cannot be used as a substitute therefor nor as a supplement thereto, and, if filed, should be disregarded by the reviewing court.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sullivan,* for plaintiff in error.

*C. L. Gutterson* and *Hall, Woods & Pound, contra.*

DUFFIE, C.

It appears from the record that the defendant in error brought suit against the plaintiff in error in a justice's court. There was some irregularity in the service of summons, and the plaintiff in error entered a special appearance and filed a motion to quash the service, which was overruled. The plaintiff in error made no further appearance in the case, and the defendant in error took judgment, from which the plaintiff in error prosecuted error to the district court. The district court affirmed the judgment of the justice of the peace, and the plaintiff in error brings the record here for review.

We think the judgment must be affirmed. The law is well settled that, where a party makes a special appearance, objecting to irregularities in the service of process, such objections must be specifically pointed out. *Bucklin v. Strickler,* 32 Neb. 602. One of the things necessary, then, in order to entitle the plaintiff in error to a judgment of reversal in the district court, was that he should present

a record showing that he had specifically pointed out to the justice the defects on which he relied. This he failed to do. Section 586 of the code provides that "the plaintiff in error shall file with his petition a transcript of the proceedings." In *Moore v. Waterman,* 40 Neb. 498, this court held that the original papers could not be made to take the place of a transcript. In the case at bar, the plaintiff in error filed a transcript of the docket entries of the justice, and the original papers. As we have seen, there is no authority for the latter, and it will be presumed that the district court disregarded them and confined itself to the transcript. The transcript fails to state the grounds upon which the motion to quash was based. Consequently, confined as it was to the transcript, there was but one proper course for the district court, in the face of *Bucklin v. Strickler, supra,* and that was to affirm the judgment. We have not overlooked section 1008 of the code, which provides for filing the original papers with the transcript in cases appealed to the district court. But that section relates exclusively to appeals, whereas section 586, *supra,* relates exclusively to proceedings in error, and rules this case.

It is recommened that the judgment of the district court be affirmed.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.