DANIEL M. FIKE V. MALINDA OTT.

FILED APRIL 18, 1906. No. 14,244.

1. Petition examined, and *held* good as against a general demurrer.

2. Harmless Error. Assignments based on rulings upon objections to an amendment to the reply and motions directed against the amended reply examined, and *held* that the errors, if any, in such rulings were cured by the charge to the jury.

3. ———. The reception of incompetent evidence tending to establish a certain fact is not prejudicial error when the same fact is conclusively established by competent evidence.

4. The doctrine of the ostensible authority of an agent can be invoked only by such as have dealt with the agent on the faith of his ostensible authority.

5. **Money Loaned: Purchase of Land: Equities.** The mere fact that one loans money to another, wherewith to buy land, gives the lender no equity in the land bought therewith by the borrower.

6. **Evidence** examined, and *held* sufficient to sustain the verdict.

7. **A** transcript on appeal should contain the judgment or order sought to be reversed or modified, and, in addition thereto, only such matters as may be necessary to present the rulings sought to be reviewed; to include other matters is a useless expense and tends to obscure the real questions presented.

ERROR to the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed.*

*V. O. Rewick* and *Robert J. Sloan,* for plaintiff in error.

*M. S. Gray* and *Charles H. Sloan, contra.*

ALBERT, C.

In her petition the plaintiff alleges that she, with her husband, Jenores T. Ott, executed their warranty deed to certain real estate to one John C. Saylor for an agreed price of $320, which deed was placed in the hands of one Whipkey to be delivered to Saylor upon his payment to Whipkey of $320 for plaintiff; that Saylor paid the money and got the deed; that about March 5 the defendant fraudulently induced Whipkey to pay the money to him without authority from plaintiff and fraudulently converted it to his own use and benefit, and though often demanded refused repayment, and prays judgment for $320, and interest at 7 per cent. from March 5, 1901. Demurrer to the petition was overruled, whereupon the defendant answered, denying each of the allegations of the petition, and as an affirmative defense alleged in substance: That, while the legal title to the land at the date of plaintiff's conveyance was in her, she held it in trust for the use of the defendant who had paid the purchase price, and that the conveyance thereof by the plaintiff's said deed to Saylor was in pursuance of an agreement between himself and the plaintiff's husband to the effect that the latter should procure a purchaser for the land and

effect a sale thereof, the proceeds to be paid to the defend-
ant; that after the sale of the premises to Saylor the mat-
ters in difference between the plaintiff and her husband
and the defendant were submitted to arbitration, that
an award was duly made, and the amount awarded the
plaintiff was received and accepted by her in full payment
of all matters in difference, including the claim in suit.
The reply, with an amendment thereto, is voluminous. It
contains much that is redundant and immaterial. It was
filed over the defendant's objection, and was afterwards
assailed by motions, which were overruled by the court. In
its charge to the jury the court very properly reduced the
reply, as amended, to a single sentence by an instruction
in these words: "The plaintiff in reply denies the allega-
tions of the answer, especially the arbitration or payment
to her of any proceeds, or that there ever was a settlement,
or that she authorized any one to receive same for her or
did receive anything for her land." The jury found for the
plaintiff, and judgment went accordingly. The defendant
seeks to reverse the judgment by proceedings in error in-
stituted in April, 1905.

It is first claimed that the court erred in overruling the
demurrer to the petition. The argument in this behalf is
based on the omission of the plaintiff to allege that she was
the owner of the land conveyed and for which the consider-
ation which came into the defendant's hands was paid.
Every material allegation of her petition stands admitted
for the purposes of the demurrer. Those allegations show
that the money was left with a third party for the use of
the plaintiff. It was her money, and whether she had
title to the land or gave value received for the money does
not concern the defendant whose relation to the transac-
tion, so far as appears from the petition, was that of a mere
intermeddler, who wrongfully obtained possession of a sum
of money belonging to the plaintiff.

There are assignments based on the rulings of the court
permitting the plaintiff to amend her reply, and on the
motions made by the defendant assailing the reply, as

amended. As before stated, the reply, as amended, contained much that was superfluous and immaterial. The objections covered by the assignments under consideration are grounded on the superfluous and immaterial matter contained in the reply, as amended, and which were eliminated, as we have seen, by the instructions of the court. On this state of the record, we are unable to see, nor has any attempt been made to point out, how the defendant was prejudiced by the rulings under consideration.

It is next contended that the court erred in admitting a copy of the conveyance mentioned in the petition in evidence over defendant's objection that it was not the best evidence, and that a sufficient foundation had not been laid for the admission of secondary evidence. It is not claimed that the defendant was prejudiced by this evidence in any way, save that by reason of the recital therein as to the amount of the consideration it tended to show the consideration actually paid by Saylor for the conveyance in question. This might have been prejudicial had there been any dispute as to the consideration named in the deed. But there was none. One of defendant's own witnesses testified to the consideration named in the deed, placing it at precisely the same sum as that shown by the copy received in evidence. It is quite clear therefore that whatever technical error there may have been in the admission of the copy in evidence it was error without prejudice.

It is also claimed that the court erred in giving the following instruction: "The jury is instructed that in Nebraska a married woman has the same right to own, control and dispose of both real and personal property as if she were single, and she is entitled to the same protection with relation thereto as are men or unmarried women." The instruction was proper in view of the evidence. Throughout the case the defense sought to bind the plaintiff by certain acts of her husband, while on the other hand she denied the authority of her husband to act for her with respect to the matter in suit. It was very proper to call the attention of the jury to the fact that, notwithstanding the

intimate relation existing between husband and wife, she had a right to control and dispose of her own property. The defendant tendered instructions whereby it was sought to cover the theory that, although the plaintiff's husband had no actual authority to make a sale of the land, adjust the matters incident to the disposition of the proceeds, and to submit the matters in difference between her and the defendant to arbitration, yet his acts in that regard were binding upon the plaintiff because she had clothed him with ostensible authority. The instructions tendered, however, omit one essential element, and that is that the defendant dealt with the plaintiff's husband on the faith of his ostensible authority. The doctrine of ostensible authority is never applied when that element is wanting, because it is grounded on estoppel and without that element there is no estoppel.

Another instruction tendered by the defendant and refused by the court is as follows: "You are further instructed that, if you find from the evidence that defendant furnished the money to pay for the said tract of land and that the said Malinda Ott or no one on her behalf paid said sum to defendant, the defendant then had an equitable interest in said land and in the proceeds of the said land sold to Mr. Saylor, and his coming into possession of said proceeds would not be fraudulent or unlawful, unless you find from the evidence that defendant did actually exercise fraud, deception or misrepresentation in order to obtain possession of said proceeds and did thereby obtain possession thereof." This instruction was properly refused. The evidence shows that the plaintiff's husband borrowed the money to pay for the ten acres, taking the title in his wife's name. The instruction is to the effect that, where one loans money to another for the purchase of real estate, he thereby acquires an equitable interest in the real estate in which the borrower invests the money. No authorities are cited in support of this proposition, and it will be conceded, we think, that none can be found. The instruction was properly refused.

It is also claimed that the verdict is not sustained by sufficient evidence. The evidence covers a wide range, and includes transactions between the defendant and plaintiff's husband extending back for many years. To attempt at this time to review it would extend this opinion to undue length, and would not, as it seems to us, serve any useful purpose. The evidence is conflicting. Reasonable men might well differ as to the side on which it preponderates. A jury has passed upon it, and we are satisfied that their verdict should not be disturbed. As to the amount of the verdict, it is not excessive, if the testimony of the plaintiff and her husband be taken as true. There are corroborative circumstances. The jury believed these portions, as they had a right to do for aught that appears to their discredit. We cannot, therefore, say that the verdict is excessive. The defendant also complains of certain rulings of the court sustaining objections to certain questions asked the plaintiff on cross-examination. By these questions the defendant sought to go into matters not brought out on direct examination. Besides, matters sought to be elicited by these questions were afterwards gone into by the defendant himself while on the stand. His evidence as to such matters stands uncontradicted. Hence, even had the court erred in sustaining the objections to the questions on cross-examination, as the matters were conclusively established by other evidence, he was not prejudiced by such rulings.

The foregoing disposes of this case, but it may not be out of place to add that the record is unnecessarily voluminous. The summons, including the officer's return thereon, a motion for security for costs, with a notice and affidavits pertaining thereto, and many other matters having no bearing on the questions presented to this court are included in the transcript. They serve no useful purpose there, and only add to the expense of the litigants and the labor of the reviewing court. The jurisdictional feature of a transcript filed in this court is the "judgment, decree or final order sought to be reversed, vacated or modified."

Sections 586 and 675 of the code. To this should be added only so much of the remainder of the record below as is necessary to present the questions sought to be reviewed. The fact that the pages are not numbered in this case makes the useless features the more objectionable.

It is recommended that the judgment of the district court be affirmed.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.