FREDERICK A. FROMHOLZ ET AL., APPELLANTS, V. GERTRUDE H. McGAHEY ET AL., APPELLEES.

FILED OCTOBER 9, 1909.  No. 16,126.

1. **Appeal: JURISDICTION: TRANSCRIPT.** To clothe this court with jurisdiction to review a judgment or a final order of the district court, the appellant must within six months of the rendition of such judgment or final order file with the clerk of this court a certified transcript of the judgment or order appealed from.

2. ————: ————. If the transcript filed for the purpose of such an appeal is not authenticated by the clerk of the district court, this court is without power, after six months from the rendition of such judgment or final order, to permit the appellant to add the clerk's certificate to said transcript.

APPEAL from the district court for Platte county: CONRAD HOLLENBECK, JUDGE. *Dismissed.*

*M. Whitmoyer, L. S. Hastings* and *A. M. Post,* for appellants.

*W. E. Atkinson* and *C. W. De Lamatre, contra.*

ROOT, J.

The affidavits and other documents on file in this case indicate that a judgment adverse to plaintiffs was rendered in the district court for Platte county in November, 1908. In March, 1909, an unauthenticated transcript of the pleadings in the case and of the judgment appealed from was filed in the office of the clerk of this court. April 1 defendants by their attorneys filed their voluntary appearance herein, reserving, however, the right to object to the jurisdiction of this court. About August 10, and shortly after plaintiffs had served a copy of their brief on defendant's counsel, the defendants requested us to dismiss plaintiffs' appeal. September 16 plaintiffs asked leave to withdraw said transcript so that it might be certified by the clerk of the district court. The affidavits established that defendants did not know until subsequent to the service of plaintiffs' briefs that the transcript had not been attested by the clerk.

We do not have original jurisdiction of the issues litigated in the district court. The legislature in the exercise of its constitutional power has provided the conditions upon which cases like the one at bar may be reviewed by us. Section 675 of the code controls, and is as follows: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon convictions for felonies and misdemeanors under the criminal code of this state, shall be by filing in the supreme court a transcript certified by the clerk of the district court, containing the judgment, decree or final order sought to be reversed, vacated or modified, within six months from the rendition of such judgment or decree or the making of such final order or within six months from the overruling of a motion for new trial in said cause; the filing of such transcript shall confer jurisdiction in such case upon the supreme court." We have uniformly held that filing an unauthenticated

transcript of a judgment of the district court did not give us jurisdiction of the controversy, but that the terms of the statute must be observed and a *certified* transcript of the judgment filed within the time limited by law. The authorities upon this point were reviewed in *Moore v. Waterman,* 40 Neb. 498, and again in *Snyder v. Lapp.* 59 Neb. 243. See, also, *Smith v. Delane,* 74 Neb. 594.

Plaintiffs, however, argue that in none of the cases referred to was a request made for permission to amend the transcript, and that section 144 of the code commands the courts to permit amendments in the interest of justice to be made either before or after judgment; and that the defect in the instant case does not go to the substance, but the form of the statutory conditions. Four decisions of this court and the case of *Second Nat. Bank v. Moderwell,* 59 Ohio St. 221, are cited in support of plaintiffs' argument. In *Rudolf & Co. v. McDonald & Co.,* 6 Neb. 163, an affidavit without a venue had been filed to obtain an attachment, and was attacked after judgment in the main case. It was held that the objection came too late. In *Omaha Coal, Coke & Lime Co. v. Fay,* 37 Neb. 68, a transcript from an inferior court had not been filed in the district court within the time fixed by statute, but the parties had joined issues and tried the case in the district court. That court had original jurisdiction to try the case, and, as the parties did not object until after trial, it was immaterial whether the issues were presented on appeal or in the first instance to said court. In either event, after a trial, the defeated litigant could not question the power of the court to enter judgment. The same facts existed in *Coleman v. Spearman, Snodgrass & Co.,* 68 Neb. 28. In *Moss v. Robertson,* 56 Neb. 774, the plaintiff in error had within the time fixed by statute filed a duly authenticated transcript containing a copy of the judgment and part of the pleadings. More than one year after the judgment, and before the case was submitted in this court on its merits, we permitted the plaintiff to amend the transcript. In the instant case, if the plain-

tiffs had only filed a certified transcript of the judgment sought to be reviewed, we would have authority, under the present statute, to permit an amendment by adding copies of the pleadings or of any part of the proceedings other than the judgment, but the essential and jurisdictional certificate is missing.

In addition to the cases cited, we held in *Whitcomb v. Chase,* 83 Neb. 360, that an objection first made on appeal to this court that a transcript from a county court to the district court had not been certified came too late for consideration. In *Second Nat. Bank v. Moderwell,* 59 Ohio St. 221, a transcript of the pleadings and proceedings had been filed, but the pleadings only were authenticated, and permission was given to correct the certificate. In that case Mr. Justice Bradbury suggests that, if there had been nothing upon which the amendment could rest, none could be made; but the certificate existed, although defective in form, and the amendment was proper. It may be pertinent to suggest that the Ohio statute does not provide in so many words that a transcript on appeal shall be certified, and Judge Bradbury suggests that probably the filing of an unauthenticated transcript would give the supreme court jurisdiction. In the instant case the clerk has not signed nor attached his seal to the transcript, and therefore there is nothing in the way of a certificate to be amended.

We have examined the other cases cited by counsel, but do not consider that they are in point, and will not extend this opinion by further reference to them. A due regard for the code and the former decisions of this court impels us to overrule plaintiffs' and sustain defendants' motion, and it is so ordered.

DISMISSED.