In re Estate of Amos Greenamyre.
Solomon Greenamyre, appellant, v. Margaret Landes
et al., appellees.
276 N. W. 686
Filed December 17, 1937. No. 30150.

*Littrell & Patz*, for appellant.

*Perry, Van Pelt & Marti* and *J. P. O'Gara, contra.*

Heard before Goss, C. J., Rose, Eberly, Paine, Carter. and Messmore, JJ., and Eldred, District Judge.

Paine, J.

This action was brought from the county court to the district court as a proceeding in error, and brought to this court on appeal. The county court overruled objections of the appellant to its jurisdiction, and the district court dismissed the petition in error for the reason that no final reviewable order was entered by the county court.

Amos Greenamyre, father of the appellant and the appellees, died testate in Lancaster county on April 18, 1926, leaving a widow and eleven children. Deceased made his last will and testament on June 17, 1915, the witnesses thereto being G. P. Putnam, Jr., Ollie Reitter, and E. J. Clements.

In the second paragraph of this will he gave to his wife,

Margaret S. Greenamyre, certain personal property, and then provided that she should have the income and use of all of his property, both real and personal, so long as she lived.

The third paragraph of the will reads as follows: "3. I give, devise and bequeath to my children George W. Greenamyer, Maggie Landis, Myrtle Butler, Daisy Parmeley, Lillian Talbot, Soloman Greenamyer, Howard Greenamyer, Rose Snow, Katherine Schmitt, Susan Clawson and Harold Greenamyer all of the residue of my property both personal and real after the termination of the life estate of my said wife, to be equally divided among them share and share alike, save and except that the share of my son Howard shall be $1,000 less than that of each of the other children. I have heretofore given to my said son $1,000 as an advancement and for that reason have willed him $1,000 less than to each of the others."

The fourth paragraph provided that his widow and two sons, Solomon and Howard, should be joint executors of the will, for which services they were to be paid only their necessary expenses in attending thereto.

It appears that the mother did not assume the duties of an executrix, and that Howard Greenamyre, the second executor, removed from the state of Nebraska and did not act, and hence Solomon Greenamyre alone was left to act under the will.

It is charged that attorneys for Solomon Greenamyre then prepared a decree, which was duly signed by the county court, finding that a trust was created under the last will and testament, and that a consent and authorization of such trust was signed by all of the heirs, stating that there was a trust expressed in said will, and that Solomon Greenamyre was a fit and proper person to be appointed by the court as trustee to take over all real and personal property of the estate and act as trustee, and that he accepted the appointment as trustee, and furnished a bond, fixed and approved by the county court, in the sum of $8,000, and it was provided that the trustee should

maintain a home for the mother, with expenses of upkeep, medical and surgical attention, nurse and hospital, and pay costs of insurance, repairs, and taxes which might be necessary to provide Margaret S. Greenamyre with a home and all other necessities during her lifetime, and that said trustee should keep an accurate record of the income and disbursements from and out of said property, and give an account annually to the county judge of Lancaster county, Nebraska; that said trustee should be allowed a reasonable compensation for his services and necessary expenses, including a reasonable attorney fee. The mother died June 28, 1930.

On April 5, 1935, the appellees herein filed a petition in the county court of Lancaster county, alleging that Solomon Greenamyre was appointed trustee under the last will and testament of his father, Amos Greenamyre, gave bond in the sum of $8,000, and received as such trustee $8,237.80. Appellees further alleged that said trustee had come into other funds in addition to the interest received on said funds; that no reports were made to the county court and no satisfactory accounting made of receipts and disbursements, although demand had been made therefor, and that said trustee has mismanaged said assets, and praying that a citation issue, commanding the trustee to appear on a day to be fixed by the court and render a full accounting of said trust funds. On April 5, 1935, an order was made that said trustee appear in the county court on April 29, 1935, and render an accounting and show cause why he should not be removed, a citation therefor being duly issued. Said citation and return was duly served on the trustee in Antelope county, Nebraska, by the sheriff of said county. On April 18, 1935, the trustee filed a special appearance for the sole and only purpose of objecting to the jurisdiction of the court, and the court overruled said special appearance, and gave said trustee seven days to comply with the citation, and prior to the date set for hearing the appellant trustee filed his petition in error and præcipe in the district court for Lancaster county, with

transcript of proceedings in the county court. Said trustee later moved the district court for permission to file an amended petition in error so as to include a later order of the county court entered October 22, 1935, in which the trustee was removed from his trust, and J. P. O'Gara was appointed trustee. The appellees filed an answer to the amended petition in error, reciting all the facts and praying that said amended petition in error be dismissed, and on January 22, 1937, the judge of the district court dismissed the trustee's petition in error for the reason that no final reviewable order had been entered by the probate court. A motion for a new trial was overruled, and said action was appealed to this court.

Appellant cites the case of *In re Estate of Frerichs,* 120 Neb. 462, 233 N. W. 456, which holds that under our statutes the probate jurisdiction of the county court ceases when an executor, who is also a trustee under the will, makes his final settlement.

And, again: "Precatory expressions are to be given their ordinary significance, and will not be held to create a trust, unless it clearly appears from the terms and dispositions of the will and the circumstances, relevant to proper construction, that such expressions were used in an imperative sense, and that the creation of a trust was intended by the testator." *Howells State Bank v. Pont,* 113 Neb. 181, 202 N. W. 457.

Appellant says this court held that an action to declare a trust and that the administrator is a trustee, to define his duties, and to recover possession of land for the trustee, is not within the jurisdiction of the county court, and is within the jurisdiction of the district court, sitting as a court of equity. *Gotchall v. Gotchall,* 98 Neb. 730, 154 N. W. 243.

It may be admitted that these and many other authorities cited tend to support the appellant's contention. However, the facts are much stronger in the case at bar, for it is not disputed that the same counsel as now appears for appellant prepared the decree of the county judge finding that

the will itself provided for a trustee, and such decree fixed his bond, approving the same, and authorizing the trustee to proceed with his duties. When he accepted such trust under written consent of all of the heirs, and under a decree prepared by his own attorney, it would seem as if he must abide by it and manage and distribute the funds in accordance therewith.

When a guardian, after acting for two and a half years under an appointment of a probate court in California, denied the jurisdiction of that court to direct his acts, that court said that many authorities attest the rule that a guardian who has procured his own appointment is estopped from denying, and will not be heard to deny, the jurisdiction of the court by the order of which his appointment was made. *Guardianship of Di Carlo,* 3 Cal. (2d) 225, 44 Pac. (2d) 562, 99 A. L. R. 990.

The Nebraska cases hereinbefore set out, as to lack of jurisdiction of the probate court to appoint and manage a trustee not specifically named in the will, were decided before the enactment by the Nebraska legislature in 1931 of the statute relating to trust estates in the county court. Chapter 42, Laws 1931, invests county courts with jurisdiction over trust estates. It provides generally that a trustee may be appointed by any county court to carry out the provisions of any will which creates a trust without naming a trustee, and that he shall give bond, and file an inventory, and render account of the trust estate in his hands. The county court is authorized to settle accounts and close such trust estate.

We see no reason why this statute passed in 1931 does not apply to all existing trusts and trusteeships in the county court, even though the appointment was made prior to the enactment of the statute.

A very similar situation existed in Missouri, in the case of *McManus v. Park,* 287 Mo. 109, 229 S. W. 211, and it was argued there that the law could not be retrospective in operation. But the court held to the contrary, for this applies only to statutes which would affect vested rights,

and not to statutes which are remedial only. No one has a vested interest in the form of procedure; no one has a vested right to have his cause tried by any particular mode.

This Nebraska law of 1931, now cited as sections 30-1801 to 30-1805, Comp. St. Supp. 1937, was intended to remedy certain defects, and it controls the handling of the trust estate in the case at bar, without violating any rights of the parties thereto. Such a law applies to all trustees appointed either before or after its enactment, for it deals with procedure only. "Where a new statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued or are pending, and future actions." 2 Lewis' Sutherland, Statutory Construction (2d ed.) 1225, sec. 674.

The appellant filed a special appearance in the county court. It was overruled and petition in error lodged in the district court. An order overruling a special appearance is not a final order. It is governed by the same rule as a plea in abatement. *Bartels v. Sonnenschein,* 54 Neb. 68, 74 N. W. 417; *State v. State Bank of Omaha,* 131 Neb. 223, 267 N. W. 532; *Goldie v. Stewart,* 5 Neb. (Unof.) 523, 99 N. W. 255; *Gaines v. Warrick,* 113 Neb. 235, 202 N. W. 866; *Grimes v. Chamberlain,* 27 Neb. 605, 43 N. W. 395.

In the case at bar, the first transcript filed contained no final order, and a summons in error issued on such a record was void. And a later transcript of additional action taken by the county court could not give jurisdiction by virtue of the summons in error issued and served before any final order had been entered in the county court. *New Home Sewing-Machine Co. v. Thornburg,* 56 Neb. 636, 77 N. W. 86; *Slobodisky v. Curtis,* 58 Neb. 211, 78 N. W. 522. See third opinion in *Ritchey v. Seeley,* 68 Neb. 129, 97 N. W. 818, by Judge Holcomb.

The county court was right in its ruling, and the district court was likewise right, and, finding no error in the record, the judgment of the lower court is hereby

AFFIRMED.