IN RE FERDINAND ANANIA.
FERDINAND ANANIA, APPELLEE, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS, ROBERT P. SAMARDICK, INTERVENER-APPELLANT.
102 N. W. 2d 49

Filed March 25, 1960. No. 34665.

*Herbert M. Fitle, Bernard E. Vinardi, Irving B. Epstein, Frederick A. Brown, Benjamin M. Wall,* and *Edward M. Stein,* for appellants.

*Gross, Welch, Vinardi, Kauffman & Schatz,* for intervener-appellant.

Crawford, Garvey, Comstock & Nye and Webb, Kelley, Green & Byam, for appellee.

Kennedy, Holland, DeLacy & Svoboda, amici curiae.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The chief of police of the city of Omaha informed appellee, a member of the police department of the city, in writing that he was accused of violating rules and regulations of the Omaha police department, the civil service commission, and its successor, the personnel board of the city, as follows: By falsely making an official report to the chief of police of the city on February 3, 1958, regarding a Smith-Corona portable typewriter No. 2Y3261 to the effect that appellee did not sell it to Patrolman Morris K. Fanger sometime in the year 1957 when in fact appellee did sell the machine to the named patrolman; by conduct unbecoming a member of the police department consisting of a report on February 4, 1958, to the chief of police in the presence of another officer of the police department that appellee did not take or steal the typewriter above described, the property of Leonard Stoller, on or about January 30, 1951, when in fact appellee did take or steal it; and by stealing the said typewriter and three sets of costume jewelry on or about January 30, 1951, which typewriter was the property of Leonard Stoller. Appellee was directed in writing by the chief of police to appear before him at a specific time and show cause why appellee should not be suspended or dismissed from the police force of the city for the violations above charged against him. Hearing was had before the chief of police and he found that each of the charges was true and that it was for the best interests of the police department that appellee be dismissed from it. An order of dismissal of appellee as a member of the police

department of the city was rendered effective February 21, 1958.

Appellee took an appeal from the order of the chief of police to the personnel board of the city of Omaha. A hearing of the matter was had before it which resulted in a finding that each of the accusations made against appellee by the chief of police was established by the evidence; that appellee had conducted himself in such a manner that his value to the police department had been destroyed; that his presence on the police force would not be in the best interests of the police department; that the order of the chief of police should be affirmed; and that appellee should be dismissed from the department as provided in the order of the chief of police. The personnel board affirmed the order of the chief of police.

Appellee by petition in error filed in the district court for Douglas County alleged that the accusations made concerning him by the chief of police were based on ordinances, rules, and regulations which had been previously repealed by the home rule charter of Omaha adopted by the electors thereof which became effective May 27, 1957; that the rules appellee was accused to have violated did not in fact exist; that the proceedings had before the chief of police concerning appellee were unauthorized by any provision of law; that there was no valid order of the chief of police that could have been reviewed by the personnel board; that no rules for procedure before it were adopted or in effect; and that the findings and orders of the chief of police and of the personnel board were, respectively, not supported by but were contrary to the evidence and contrary to law. Appellee asked that the order of his dismissal as a policeman from the police department of Omaha be reversed and vacated. The answer of appellants was in effect a general denial of the statements contained in the petition in error.

The district court found that none of the charges

made against appellee were established by evidence; that the order of dismissal of appellee as a policeman from the police department of Omaha made by the chief of police was not sustained by evidence; that the order of the personnel board affirming the order of the chief of police was not sustained by evidence; that the order of each of them should be reversed and set aside; and that appellee should be restored to his position as a member of the police department of Omaha as of the date of the purported dismissal of him therefrom by order of the chief of police. A judgment was rendered in harmony with the findings. The motion for a new trial was denied and this appeal was taken.

Appellants filed a pleading herein which states that they dismiss their appeal. Thereafter Robert P. Samardick made application to intervene in the cause and to prosecute the appeal. Authority therefor was granted him by order of this court. The intervener argues that the district court did not obtain jurisdiction of the subject matter of this cause for the reason that plaintiff in error did not file an authenticated transcript containing the final order sought to be reversed and vacated with his petition in error in the district court. The record is silent as to the filing of such transcript at any time herein.

A petition in error in the district court to test the validity of an order of an inferior tribunal is an independent proceeding the object of which is to obtain reversal of the order presented for review. From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441.

The relevant part of section 25-1905, R. R. S. 1943, states: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." That language was code section 586, R. S. p. 497, and it has since been continued. Section 25-1906, R. R. S. 1943, is as follows: "Judges of county courts, justices of the peace and other judicial tribunals

having no clerk, and clerks of every court of record, shall, upon request and being paid the lawful fees therefor, furnish an authenticated transcript of the proceedings, containing the judgment or final order of said courts, to either of the parties to the same, or to any person interested in procuring such transcript." That was code section 587, R. S. p. 497, and it has since been retained.

In Saussay v. Lemp Brewing Co., 64 Neb. 429, 89 N. W. 1048, it is said: "When the judgment of a district court, in a proceeding in error to review the judgment of a justice of the peace, is sought to be reviewed in this court, the transcript in this court must contain the judgment of the justice of the peace and such other process and proceedings as are sought to be reviewed or corrected." The opinion in that case recites: "The requirement of section 586 of the Code, that 'the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified,' applies equally to proceedings in error in the district court and in this court, and in the absence of such a transcript the court has no jurisdiction to proceed further than to dismiss the petition in error. Zink v. Westervelt, 52 Nebr., 90."

In Fike v. Ott, 76 Neb. 439, 107 N. W. 774, the court said: "The jurisdictional feature of a transcript filed in this court is the 'judgment, decree or final order sought to be reversed, vacated or modified.' Sections 586 and 675 of the code."

New Home Sewing-Machine Co. v. Thornburg, 56 Neb. 636, 77 N. W. 86, declares: "The jurisdiction of the district court to review and reverse the judgment or final order of an inferior court, board, or other body exercising judicial functions does not attach until there is presented to it a duly authenticated transcript of the record containing the judgment or final order complained of."

Ritchey v. Seeley, on rehearing, 68 Neb. 129, 97 N. W. 818, contains this: "Repeated decisions of this court hold that in order to entitle an aggrieved party to a review of the record of the trial had in the district court, the requirements of the statute providing for a review by error proceedings must be complied with—that is, that the error proceedings must be begun within the time limited; that a petition in error must be filed in the reviewing court, accompanied by a duly authenticated transcript of the record which it is sought to have reviewed as a basis for the obtaining of such rewiew (review); that thereupon a summons in error may issue, and service be had, and the adverse party thus brought into court and subjected to its jurisdiction. * * * We have decided repeatedly that a summons in error can not issue until after the filing of a petition in error with a transcript of the record of the district court, and that these preliminary steps were necessary in order to give the court jurisdiction."

Slobodisky v. Curtis, 58 Neb. 211, 78 N. W. 522, states: "* * * It is indispensable to jurisdiction that there should be filed with the petition in error, and within the time fixed by statute, a transcript of the proceedings of the district court containing the final judgment sought to be reviewed."

In In re Estate of Greenamyre, 133 Neb. 693, 276 N. W. 686, it is stated: "In the case at bar, the first transcript filed contained no final order, and a summons in error issued on such a record was void. And a later transcript of additional action taken by the county court could not give jurisdiction by virtue of the summons in error issued and served before any final order had been entered in the county court."

From v. Sutton, *supra*, states: "Section 25-1905, R. R. S. 1943, requires that a transcript be filed with the petition containing the final order sought to be reversed, vacated, or modified."

Jurisdiction of the subject matter of the cause did

not attach in the district court because there was no transcript filed in that court of the proceedings before the personnel board containing the final order sought to be reversed and vacated.

It is mandatory that the transcript be properly authenticated and timely filed to vest the appellate court with jurisdiction of the subject matter.

In Brockman Commission Co. v. Sang, 52 Neb. 506, 72 N. W. 856, the court said: "This court does not acquire jurisdiction of a cause brought here on appeal or error, where the transcript of the judgment, or final order sought to be reviewed, has not been properly authenticated by the clerk of the district court."

It is stated in Melcher v. Haley, 58 Neb. 729, 79 N. W. 707: "A petition in error will be dismissed when the final judgment or order assailed is not authenticated by the certificate of the clerk of the trial court." See, also, Rooney v. Farrell, 62 Neb. 611, 87 N. W. 338; New Home Sewing-Machine Co. v. Thornburg, *supra;* Slobodisky v. Curtis, *supra.*

The words "a transcript of the proceedings" designate what shall be filed with the petition in error and they include in their meaning duly certified copies of the original pleadings, papers, and orders in the proceeding before the court or body which it is alleged committed the error sought to be presented to the appellate court for consideration and decision. The production of the original pleadings, papers, and orders in lieu of an authenticated transcript is not contemplated and will not suffice. There is no substitute for an authenticated transcript of the proceedings which will cause jurisdiction of the subject matter of the cause by the appellate court to exist. Royal Trust Co. v. Exchange Bank, 55 Neb. 663, 76 N. W. 425, asserts: "The words, 'A transcript of the proceedings,' as employed in section 586 of the Code of Civil Procedure to designate what shall be filed with a petition in error, include within their meaning duly certified copies of the original papers

and pleadings in the trial court, which it is sought to present to the attention of the appellate court. The filing of the original papers and pleadings is not contemplated, and will not fulfill the requirements of the statute."

In Moore v. Waterman, 40 Neb. 498, 58 N. W. 940, it is said: "The filing of a transcript authenticated by the clerk is jurisdictional. Surely it would not be contended that an appeal from a justice of the peace to the district court could be effected by the parties getting possession of the justice's docket and by stipulation filing his docket in the district court instead of a certified transcript of the entries thereon. This case stands in no better light."

In Lee v. State, 124 Neb. 165, 245 N. W. 445, it is stated: "It is to be remembered that the necessity of having a proper record of the action complained of is not merely enforced by the wording of the controlling statute, but emphasizes a jurisdictional fact. * * * The words 'a transcript of the proceedings,' as employed * * * to designate what shall be filed with the petition in error, include within their meaning duly certified copies of original papers and pleadings * * * which it is sought to present to the attention of the appellate court. The filing of the original papers and pleadings is not contemplated and will not fulfil the requirement of the statute." See, also, School Dist. No. 49 v. Cooper, 44 Neb. 714, 62 N. W. 1084; Smith v. Delane, 74 Neb. 594, 104 N. W. 1054; Brabham v. Custer County, 3 Neb. (Unoff.) 801, 92 N. W. 989.

Appellee argues that appellants appeared generally in the case and tried it on the theory that there was a proper transcript and that the district court had jurisdiction; and that because of the participation and acts of appellants and the failure to raise an issue as to the lack of jurisdiction of the district court of the subject matter until the cause was in this court, appellants cannot now complain in that regard and neither can the

intervener who has no better right to do so. This argu-
ment is faulty. Barney v. Platte Valley Public Power
& Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120, contains the
following: "The appellate jurisdiction of a court is con-
tingent upon timely compliance with constitutional or
statutory methods of appeal. Failure to comply with
the required conditions terminates the potential power
of an appellate court to acquire thereafter any jurisdic-
tion to review the judgment below. * * * Appellate
jurisdiction of a case cannot be conferred upon a court
by any action of the parties. The want of such juris-
diction may be taken advantage of at any stage of the
proceedings. An appellate court cannot pass on the
merits of a case falling within its appellate jurisdic-
tion unless its jurisdiction is invoked in the manner
prescribed by constitution or statute." See, also, From
v. Sutton, *supra;* Roberts v. City of Mitchell, 131 Neb.
672, 269 N. W. 515; Moore v. Waterman, *supra.*

Appellee to sustain his argument places much reli-
ance upon Coleman v. Spearman, Snodgrass & Co., 68
Neb. 28, 93 N. W. 983, and Whitcomb v. Chase, 83 Neb.
360, 119 N. W. 673, which employed language to the
effect that if an unauthenticated transcript was filed
in the district court and the litigation was contested
therein to a determination without objection because
of the deficiency and its effect, the jurisdiction of the
district court could not be assailed for the first time
after the case reached this court. These cases were
distinguished in Fromholz v. McGahey, 85 Neb. 205, 122
N. W. 879, and therein inferentially the doctrine of them
in the regard noted above was disapproved by this lan-
guage: "We have uniformly held that filing an unau-
thenticated transcript of a judgment of the district court
did not give us jurisdiction of the controversy, but that
the terms of the statute must be observed and a certified
transcript of the judgment filed within the time limited
by law." It should also be noted that in Whitcomb v.
Chase, *supra,* the opinion says: "It is argued that the

district court has no original jurisdiction in cases of this kind; that it only obtains jurisdiction by appeal, and if the appeal is not properly perfected that court has no jurisdiction. In support of this proposition many cases are cited which hold that jurisdiction of the subject matter of an action cannot be conferred by consent. That this is the well-established rule cannot now be questioned; but we are of opinion that it has no application to the facts of this case."

There are five motions pending herein which were submitted at the time of the argument and submission of the appeal. What has been and is hereafter said makes it unnecessary to dispose of them separately. The conclusion of the opinion as to the appeal makes the motions meaningless.

The district court acquired no jurisdiction of the subject matter of this litigation and the judgment it rendered was void and did not in any way affect the order of the personnel board or its affirmance of the order of the chief of police dismissing appellee as a policeman from the police department of the city of Omaha. Likewise, the appeal did not vest jurisdiction of the subject matter of the litigation in this court and this appeal should be and it is hereby dismissed. All costs on appeal taxed to appellee Anania.

APPEAL DISMISSED.