(88 South. 196)

McADOO, Director General of Railroads, v. BOOKER. (6 Div. 644.)

(Court of Appeals of Alabama. June 1, 1920. Rehearing Denied Dec. 7, 1920.)

1. PLEADING ⊂⊃194(4)—SPECIAL PLEA DEMURRABLE WHERE NOT NECESSARY BECAUSE MATTER IS AVAILABLE UNDER GENERAL ISSUE.

In an action against a railroad company for death of a mule, where, by amended complaint, M., as Director General, was made a defendant, and interposed a special plea that he was not Director General at the time of nor since the amendment, a demurrer thereto on the ground that such defense was available under the general issue was properly sustained.

2. EVIDENCE ⊂⊃44—COURT WILL TAKE JUDICIAL NOTICE AS TO WHO IS DIRECTOR GENERAL OF RAILROADS.

The court will take judicial notice that the defendant was not Director General of Railroads at the time of an amended complaint making him a defendant, and that another then occupied that position.

3. RAILROADS ⊂⊃5½, NEW, VOL. 6A KEY-No. SERIES—SUBSTITUTING WRONG DIRECTOR GENERAL REQUIRES AFFIRMATIVE CHARGE.

In an action against a railroad company, where the amended complaint substituted one, as Director General, as party defendant, when in fact another occupied the position at the time of the amendment, an affirmative charge for the defendant should have been given.

4. RAILROADS ⊂⊃447(7) — INSTRUCTION HELD IMPROPER AS RELIEVING ENGINEER OF DUTY TO KEEP LOOKOUT FOR STOCK.

An instruction denying recovery for the death of a mule if the animal passed over the track and got out of the sight of the engineer and then suddenly turned and ran into the side of the engine before the fireman could notify the engineer, is properly refused as relieving the engineer of his duty to keep lookout.

5. RAILROADS ⊂⊃447(7)—INSTRUCTION PROPERLY REFUSED AS TENDING TO PRETERMIT DUTY TO KEEP LOOKOUT FOR STOCK.

An instruction that, if any effort to avert injury after discovery that plaintiff's mule was running toward the engine would have availed nothing, then it was not incumbent on the engineer to make any effort to avoid the injury, was properly refused as tending to pretermit the duty to keep a lookout and to confine defend-

ant's duty to avert injury only after discovery that the mule was running toward the engine.

6. TRIAL ⊂⊃242—REFUSAL OF MISLEADING AND CONFUSING CHARGE NOT ERROR.

It is not error to refuse a misleading and confusing charge.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by C. C. Booker against the Southern Railway Company for damages for the death of a mule, in which defendant's name was struck out and that of W. G. McAdoo, as Director General of Railroads, was inserted as defendant. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The following charges were refused to the defendant:

(5) If the jury believe from the evidence in this case that the mule passed over the track of the defendant and was moving away from the track, and got out of the sight of the engineer, and then suddenly turned and ran back towards the engine, and then ran into the side of the engine before the fireman could notify the engineer that the mule was running towards the engine, and that this proximately caused the death of the mule, then your verdict will be for the defendant.

(6) If the jury believe from all the evidence in the case that any effort on the part of the engineer to avert injury to the mule, after discovery that the mule was running toward the engine, would have availed nothing, or would not have prevented the injury to the mule, then it was not incumbent on the engineer to make any effort to avert or avoid the injury.

A. G. & S. P. Smith, of Birmingham, for appellant.

Defendant was entitled to an instructed verdict on the facts attending the accident. 77 Ala. 429, 54 Am. Rep. 69; 85 Ala. 208, 3 South. 795; 90 Ala. 46, 8 South. 57; 80 Ala. 615, 2 South. 738; 88 Ala. 453, 6 South. 877; 85 Ala. 481, 5 South. 173. On these authorities the charges refused to the defendant should have been given. The court judicially knows that W. G. McAdoo was Director General of Railroads at that time, and therefore the defendant was entitled to a directed verdict.

Goodwyn & Ross, of Bessemer, for appellee.

The amendment related back to the commencement of the suit at a time when McAdoo was Director General, and at the time of the commission of the alleged wrong complained of. 71 Ala. 271; section 5367, Code 1907. Defendant was not entitled to affirmative charge on the facts. 124 Ala. 525, 27 South. 408; 131 Ala. 671, 31 South. 21. Charge 5 was bad. 90 Ala. 41, 7 South. 813; 122 Ala. 362, 25 South. 197. On these authorities, charge 6 was properly refused.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MERRITT, J. [1] The ·plaintiff brought suit to recover of defendant damages for killing his mule, and the suit as originally filed on September 24, 1918, was against the Southern Railway Company. On April 3, 1919, plaintiff amended his complaint by striking out Southern Railway Company, and inserting Wm. G. McAdoo, as Director General of Railroads. The defendant pleaded the general issue and a special plea to the amended complaint, saying:

"That he is not now and has not been since that time in the control or operation of the railroads in the United States, and that he is not subject to suit as such Director General of Railroads, as set out in the amended complaint, and that the plaintiff is not entitled to recover in this action against him."

To this special plea several grounds of demurrer were interposed, the judgment of the court reciting that the demurrers to the plea were sustained. One of the grounds of demurrer was that the matters alleged was available to the defendant under the general issue, and on this ground the demurrers were properly sustained. Under the amendment to the complaint, which was allowed, it appears, without objection, it was necessary, for the plaintiff to recover, that Wm. G. McAdoo should have been Director General of Railroads at the time of the amendment.

[2, 3] The court judicially knows that such was not the case, but that at that time Walker D. Hines was Director General of Railroads, and consequently the affirmative charge asked for by the defendant should have been given.

[4] Written charge 5 was properly refused. It was the duty of the engineer to keep a lookout for stock on or near the track, and to relieve him of this duty when' the mule "had gotten out of sight of the engineer" is not the law. The mule may have been out of sight because of the engineer's failing to keep a lookout, or his negligence in other respects. Then the mule may have gotten out of his sight and then come back toward the track, in which event he would not be relieved of the duty of exercising proper care, "until the fireman could notify him that the mule was running toward the engine," as the charge assumes.

[5, 6] One vice, at least, of charge 6 is that it tended to pretermit the duty of those in charge of the train to keep a lookout for stock, and to confine defendant's duty in this case to avert injury only after discovery that the mule was running toward the engine. Charge 7 was misleading and confusing; and we think it was properly refused in this case.

For the error pointed out, it necessarily follows that the cause must be reversed.

Reversed and remanded.