NATIONAL SUPPLY COMPANY, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED APRIL 11, 1922.　No. 21977.

1. **Justice of the Peace:** ERROR PROCEEDINGS: TRANSCRIPT. In an error proceeding from the justice court to the district court, a transcript, which sets out the judgment of the justice court and a recital that a bill of particulars was filed and a history of the proceedings, is sufficient to give the district court jurisdiction, though a copy of the bill of particulars is not copied in full therein.

2. ———: ———: ———: DIMINUTION OF RECORD. Where such a transcript is filed, a party to the suit may, where there is no showing of laches or unreasonable delay on his part in making application, suggest a diminution of the record and have the transcript supplemented so as to supply the omission.

3. **Evidence:** FEDERAL STATUTES: JUDICIAL NOTICE. The courts of this state take judicial notice of the federal statutes, of the president's proclamations, and of the general orders of the director general of railroads, and of the fact that the government had control of and was operating, pursuant to law, the transportation facilities and properties of a railroad during the year 1918.

4. **Pleading:** BILL OF PARTICULARS. A bill of particulars, which alleges that coal was shipped over the defendant railroad for the plaintiff, a shipper, in the year 1918, shows on its face that the shipment was conducted under the direction of the director general of railroads.

5. **Railroads:** FEDERAL CONTROL: LIABILITY. A railroad company is not liable for the acts and defaults of the federal government in the shipment of goods over its lines as a common carrier during the period that the railroad is under federal control.

6. ———: ———: ———: ERROR PROCEEDINGS. Where a bill of particulars, filed in the justice court, shows on its face that the shipments complained of were conducted over the railroad as a common carrier at a time when the railroad was under federal control, the question of the liability of the railroad company for such shipments may be raised in the district court in an error proceeding, though the company filed no written objections below.

7. **Judgment by Default:** ADMISSIONS: JUDICIAL NOTICE. The default of a defendant cannot be treated as an admission of the allegations of fact in a bill of particulars, where such allegations are contrary to facts of which the court takes judicial notice.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*Burkett, Wilson, Brown & Wilson, contra.*

Heard before ROSE, DEAN, DAY and FLANSBURG, JJ.

FLANSBURG, J.

This action originated in justice court and was based upon a claim by plaintiff for damages growing out of loss of coal in shipment over the defendant's railroad. The defendant appeared and took a continuance. Later judgment was entered against defendant by default. The defendant company sought to review the judgment by error proceedings in the district court. In the district court the proceedings were dismissed. The defendant company now brings the matter here for review.

In the district court defendant company filed, within the proper time, a petition in error and a transcript of all proceedings had and done in the justice court, complete in all respects except that it did not set forth a full and exact copy of the bill of particulars. It did contain a recital, however, that the plaintiff had filed a bill of particulars, "claiming judgment against defendant for the sum of $159.76 with interest at 7 per cent. and cost of suit on account of loss and shrinkage and damages and overcharges on certain goods while in transit, and for reasonable attorney's fees," and the original bill of particulars and the other files of the justice court in the proceeding were transmitted with the transcript and filed in the district court. The original papers, under our decisions (*Smith v. Delane,* 74 Neb. 594; *Royal Trust Co. v. Exchange Bank,* 55 Neb. 663), are not a part of the transcript and cannot be so considered in a review of the judgment of the justice court in an error proceeding.

In the district court the plaintiff objected to the transcript and moved to dismiss the appeal, on the ground that

the transcript was insufficient to give the district court jurisdiction, for the reason that it did not set forth in full a copy of the bill of particulars.

Without question the transcript was defective. It should have set forth a copy of the bill of particulars, so as to fully present a record of the questions involved and determined by the judgment of the justice of the peace, and the errors complained of, resulting from the decision. However, the transcript, even in its defective form, was sufficient to give the district court jurisdiction. The statute (Rev. St. 1913, sec. 8179) recites: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." The transcript did set forth the final order or judgment and a history of the proceedings. In construing the section of the statute just mentioned this court, in *Fike v. Ott*, 76 Neb. 439, said: "The jurisdictional feature of a transcript filed in this court is the 'judgment, decree or final order sought to be reversed, vacated or modified.' * * * To this should be added only so much of the remainder of the record below as is necessary to present the questions sought to be reviewed." See, also, *Moore v. Waterman,* 40 Neb. 498.

The transcript, though perhaps incomplete and defective, and insufficient, in its original form, to present for review the errors complained of, was, nevertheless, sufficient to confer jurisdiction, and the defendant was entitled, where there was no showing of laches or unreasonable delay in making application, to suggest a diminution of the record and have the transcript supplemented, so as to reflect and set forth, so far as necessary, the full record of the proceedings of the justice court. The defendant, to that end, filed a motion in the district court, asking that the justice of the peace be required to file a supplemental transcript, setting forth a copy of the bill of particulars. This request was overruled, and the error proceeding dismissed.

The plaintiff contends that the refusal of the district court to allow the filing of the supplemental transcript was

not prejudicial to the defendant, for the reason that, had the bill of particulars been made a part of the transcript, still the record would have been insufficient, even in that event, to show that the judgment of the justice court was erroneous. The error complained of by the defendant is that it was held liable for loss of coal in shipment over its railroad at a time when the entire transportation facilities of the railroad were under the control of and operated by the federal government. The bill of particulars sets forth, as a basis for cause of action, loss of coal during shipments made in August, 1918. No written objections were filed by the defendant company in the justice court, and it is the contention of the plaintiff that the allegations of the bill of particulars, by the default of the defendant company, stand admitted, and that the defendant company could not, for the first time in the district court, affirmatively raise the objection that the federal government was alone liable, and that the railroad company did not, at the time in question, have the control of and operate its transportation lines.

The courts of this state take judicial notice of the federal statutes, of the president's proclamations, and of the general orders of the director general of railroads, and of the fact that the government had control of and was operating, pursuant to law, the transportation facilities and properties of the defendant railroad during the year 1918. *Houston, E. & W. T. R. Co. v. Tanner*, 227 S. W. (Tex. Civ. App.) 713; *Moon v. Hines*, 205 Ala. 355; *McAdoo v. Booker*, 17 Ala. App. 623; *Crawshaw v. Corbett*, 264 Fed. 962; *Marshall v. Bush*, 102 Neb. 279. The allegations of the bill of particulars alone are sufficient to show that the transportation, which occurred in August, 1918, was at a time when shipments, of the kind described, must necessarily have been conducted by the federal government. The liability was not upon a claim, based upon acts of the railroad company outside of its regular duties as a carrier, as was the case in *Spring v. American Telegraph & Telephone Co.*, 86 W. Va. 192, 10 A. L. R. 951.

The default of the defendant company cannot be treated as an admission of the allegations of fact in the bill of particulars which are contrary to facts of which the court takes judicial notice.

The defendant, in our opinion, was clearly entitled to a diminution of the record and to a supplemental transcript, setting forth the bill of particulars, and it appears to us that damages, accruing to such shipments as were made during the time that the railroad was under federal control, would not give rise to a cause of action in favor of the plaintiff against the defendant railroad company (*Missouri P. R. Co. v. Ault,* 256 U. S. 554), and that the bill of particulars in the justice court, setting forth the dates of shipment, is sufficient to present that issue of law. To raise the question on error in the district court is not a departure from the issues presented below. *Houston, E. & W. T. R. Co. v. Tanner, supra.*

The plaintiff urges that the statute (Rev. St. 1913, sec. 8464) provides that a judgment by confession precludes a party from taking error proceedings from the judgment. A judgment entered by default, though the default has the effect of admitting, for the time being, all the material allegations set forth in the bill of particulars, except, at least, facts of which the court takes judicial knowledge, is not a judgment by confession, and where, after the defendant has once made a general appearance, the justice court, on a default, enters a judgment which is erroneous, the party who is injured by the erroneous ruling has the right to a review. *Crumay v. Henry,* 40 Neb. 716; *Engles v. Morgenstern,* 85 Neb. 51.

For the reason, then, that the defendant was entitled to have the transcript corrected, so as to present the bill of particulars, which, on its face, raised the error complained of, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.