WARREN POWELL, APPELLEE, v. RAY ANDERSON, APPELLANT.

25 N. W. 2d 401

FILED DECEMBER 27, 1946. No. 32118.

*Kennedy, Holland, De Lacy & Svoboda,* for appellant.

*Gross & Welch* and *John F. Mackenzie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WILSON, District Judge.

WILSON, District Judge.

This is an action wherein plaintiff and appellee seeks to recover from the defendant and appellant rental overcharges and penalties under section 205 (e) of the Emergency Price Control Act of 1942, 56 Stat. 33, 50 U. S. C. A. appendix, section 925 (e), p. 405. Plaintiff, in his petition, alleges, and it is undisputed, that plaintiff as tenant rented an apartment in Omaha from defendant, its owner, and paid him as rent therefor the sum of $32.50 per month for four months beginning January 19, 1945. Plaintiff also alleges that this rental charged him was in excess of the maximum rental of $30 per month fixed for said apartment, under said Emergency Price Control Act, by the

Office of Price Administration in its Omaha office, and that accordingly plaintiff seeks and is entitled to recover from defendant under the provisions of said act, the sum of $50 for each of the alleged monthly overcharges, or a total of $200 together with a reasonable attorney's fee and costs.

Defendant's answer admits his ownership and plaintiff's tenancy of the apartment involved, during the period alleged, but denies the alleged overcharges and the other allegations of the petition. Plaintiff's reply is a general denial. Martha Anderson was joined as defendant but the action was dismissed as to her by the court at the conclusion of the evidence, and there is no cross-appeal from this action by plaintiff.

The case was submitted to the jury which returned a verdict for plaintiff in the sum of $150 against the remaining defendant, the admitted owner of the apartment, and judgment was entered against said defendant for said amount and the costs together with an attorney's fee of $100 allowed the plaintiff by the court. Upon the overruling of his motion for a new trial, defendant appealed.

The defendant's assignments of error are that the evidence is insufficient to sustain the verdict and judgment in plaintiff's favor; and that the trial court erred in the admission of evidence and in the giving and refusal of certain instructions. We find that some of these assignments of error must be sustained and require a reversal.

Defendant assigns as error the admission in evidence, over defendant's objection, of exhibit 3, consisting of a copy, in the form of a printed pamphlet, of the rules and regulations of the Office of Price Administration, with reference to rent regulation. This document was not identified or authenticated in any manner except by the testimony of the assistant rent attorney of the Omaha OPA office that it "is a compilation of the rental regulations for housing applicable to dwelling units rented within the Omaha defense rental area, as well as other areas in the United States." Obviously this conclusion of the local official did not

establish the official execution and promulgation of the document in question or the rules contained therein. It seems to have been conceded that the admissibility of this exhibit 3 depends on whether the courts of this state will take judicial notice of the general rules and regulations promulgated and published by a federal agency, such as the federal Office of Price Administration.

This question appears to have been decided in this state in Larson v. First National Bank, 66 Neb. 595, 92 N. W. 729, in which this court held, with reference to federal regulations of Indian lands as follows:

"Where a statute authorizes executive officers to make general rules for the conduct of public business, and such rules are duly made and published, the courts will take judicial notice of them."

That state courts will take judicial notice of general rules and regulations, established and published by federal agencies under authority of law, is generally accepted. See National Supply Co. v. Chicago & N. W. Ry. Co., 108 Neb. 326, 187 N. W. 917; In re Estate of Bose, 136 Neb. 156, 285 N. W. 319; Fielding v. Publix Cars, Inc., 130 Neb. 576, 265 N. W. 726; 7 Ency. of Evid. 990; Caha v. U. S., 152 U. S. 211, 38 L. Ed. 415, 14 S. Ct. 513; 20 Am. Jur., Evidence, § 44, pp. 67, 68; Epstein v. Brook, 23 N. J. MISC. 267, 43 A. 2d 782; 222 East Chestnut St. Corp. v. Murphy, 325 Ill. App. 392, 60 N. E. 2d 450; Spring v. American Tel. & Tel. Co., 86 W. Va. 192, 103 S. E. 206.

The rules and regulations contained in the document in question, exhibit 3, were duly published in the Federal Register, vol. 10, p. 3436, and we decide that the admission of said exhibit was proper.

Defendant also assigns as error the admission, over defendant's objection, of exhibit 8, which purports to be an unsigned copy, typwritten on a printed form, of an order of the Omaha Price Administration office, dated July 25, 1944, increasing the maximum rent for the apartment involved, from $23 to $30 per month. Plaintiff does not contend that the courts of this state will take judicial notice

of such an order, which is obviously not a general rule or regulation of the agency, and the only identification of the document was the testimony of the assistant rent attorney of the Omaha OPA office, that the document "is Form D-35, order increasing maximum rent" for the apartment involved; and, upon being questioned by the court as to whether the document was a copy of the order or the original, the witness testified "This is the original. By original I mean it carries the original imprint of the typewriter and it is made in duplicate, and this is the original copy of the order that was issued" and further, that "The copy of the order that goes to the landlord, as far as procedure is concerned, there is either a rubber stamp signature of a director on it, or it is a written signature. In many cases the copy itself is retained in the file, which may have no more than the typewritten designation of the rent director's name."

Notwithstanding the conclusion of the witness that the document in question was the original order of the rent director, it is entirely apparent, both from the document itself and from the testimony of the witness quoted above, that it was not and could not be the original order. It was not signed by the rent director or any other official, but merely contained the typewritten name of the rent director beneath the line for signature. In fact the witness testified that the practice was to send the original, with the written or rubber stamp signature of the rent director, to the landlord.

An unsigned and unauthenticated copy of an order, produced from the files of a governmental agency, is secondary evidence which, of itself, raises no presumption that the original was in fact executed. The original order in this case was not accounted for, nor was there any proof of its actual issuance or execution. We conclude that the admission of exhibit 8 was error, prejudicial to the defendant.

The defendant also assigns as error, the admission, over defendant's objection, of exhibit 4, which purports to be the registration of the apartment involved, by a former land-

lord, with the local OPA office, establishing the rental for the apartment, on March 1, 1942, the so-called "freeze date" for the Omaha area, under the Price Control Act, which constitutes the rent charged on said date the ceiling rental until changed by the Price Administrator. An examination of this registration discloses that the rental as of March 1, 1942, is given therein as "$24.00 per week" which plaintiff contends was an obvious error and that "$24.00 per month" was intended. Defendant contends that this exhibit was incompetent because it was not properly identified. There was no proof of its actual execution or filing by the registrant, and its only authentication was the testimony of the assistant rent attorney of the Omaha OPA office that the document was a registration of the apartment involved showing the rental on March 1, 1942, and "containing information as to the changes in the minimum rent in that unit, as the result of orders issued by the Office of Price Administration, subsequent to March 1, 1942," and that it was a part of the official record, presumably of the local OPA office.

Regardless of what conclusions might be reached as to these questions, and the competency of this document, exhibit 4, otherwise, we think that the document was inadmissible because of two endorsements or notations contained thereon as follows:

"Maximum rent changed by order of Rent Director to $23.00 per mo., dated April 1, 1944.

"Maximum rent changed by order of Rent Director to $30.00 per mo., dated July 25, 1944."

These notations included in, and offered and received as a part of exhibit 4, were, of course, calculated to and did inform the jury that orders of the rent director were made subsequent to the date and filing of the registration itself, fixing the maximum rental for the apartment, first at $23 and subsequently at $30 per month. Indeed, plaintiff's brief states that the only reason for presenting this registration was, not to establish the rental shown by the registration, but to show the subsequent orders of the rent di-

rector establishing the ceiling as shown by these endorsements or notations, which were not a part of the registration when filed, but were made subsequently.

From the standpoint of establishing that the orders referred to therein were in fact made as recited, these endorsements have the same deficiencies which we have heretofore found herein existed as to exhibit 8, in that they are not authenticated or identified in any manner, other than the conclusion of the witness, above quoted, as to what the document contained, and his statement that the exhibit as a whole was a part of the official record. These endorsements are unsigned and unidentified and are not, of themselves, proof that the orders therein referred to were in fact issued by the rent director, nor is there any such proof otherwise in the record.

This registration, exhibit 4, was offered and received in evidence without limitation or qualification and therefore included the two unidentified subsequent endorsements thereon. We accordingly conclude that the exhibit in question, even if otherwise competent, was, because of said endorsements, erroneously admitted.

Defendant contends that the evidence is insufficient to sustain the judgment for plaintiff and that the trial court erred in giving, of its own motion, instruction No. 2, which stated, as an undisputed fact, that the government Office of Price Administration fixed the rental for the apartment involved at $30 per month, prior to plaintiff's tenancy. We think both contentions must be sustained since the record contains no evidence, aside from exhibits 4 and 8, which we have determined were incompetent and improperly received, of the fact, essential for plaintiff's recovery, that any order fixing the ceiling rental, claimed to have been violated by defendant, was in fact executed or issued by the federal Office of Price Administration. See Bowles v. Nasif, 58 F. Supp. 644, and United States v. Corwin, 129 U. S. 381, 9 S. Ct. 318, 32 L. Ed. 710.

Defendant also contends that the trial court erred in

giving, of its own motion, instruction No. 10, which included the following statement:

"In short you must take all the circumstances into account, bearing in mind that this is a vital emergency statute which the Supreme Court has said is not to be administered grudgingly. If a postwar collapse of values is to be avoided, the statute and regulations thereunder must be strictly enforced and you can help do that by an appropriate exercise of discretion in the award of damages."

Even if this statement should be considered to be a true recitation of the legislative policy of the federal government in the enactment of the Price Control Act, involved in this action, and with respect to its enforcement by administrative officers, it clearly has no place in the court's instructons to a jury, called upon to decide the rights and liabilities of private litigants under the act. By inference, if not by express statement, it urged the jury to award the plaintiff triple damages in addition to the overcharges, if they found for plaintiff; and it might well have been regarded by the jury as an expression by the court of its own opinion as to the merits of the case itself. To say the least, it told the jury that it had a special duty to enforce this particular law and presumably against this defendant in this action. Whatever its purpose, that was certainly its tendency. We consider the statement complained of, in instruction No. 10, to be an improper invasion of the function of the jury and prejudicially erroneous.

Other errors are assigned by defendant which, in view of the conclusions reached, will not be discussed. In view of the errors determined and discussed herein the case is reversed and remanded.

REVERSED AND REMANDED.