JACOB EDWARD KEYSER, JR., APPELLEE, v. J. PRESCOTT ALLEN ET AL., APPELLANTS.

31 N. W. 2d 309

Filed March 12, 1948.   No. 32303.

*Aten & Chadderdon, B. F. Butler,* and *Hugh W. Eisenhart,* for appellants.

*Perry & Perry,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District Judge.

YEAGER, J.

This is an action by Jacob Edward Keyser, Jr., plaintiff and appellee, against J. Prescott Allen and Walter J. Middleton, defendants and appellants, to recover triple damages pursuant to the provisions of section 205 (e) of the Emergency Price Control Act of 1942 (Public Law 421, 77 Congress, 2nd Session, chapter 26, 58 Stat-

utes 43, January 30, 1942, 50 U. S. C. A., 901 et seq.) as amended, on account of the sale or trade to plaintiff of an automobile at a price in excess of the ceiling price fixed upon the automobile under regulations established pursuant to the said Emergency Price Control Act. This is the description given by plaintiff to the Act under which this action is brought. However, the description is incorrect. It should be 56 Statutes at Large 23, as amended June 30, 1944, which amendment appears as 58 Statutes at Large 632 et seq.

A trial was had to a jury which resulted in a verdict in favor of plaintiff and against the defendants for $875. Judgment was rendered on the verdict. Motion for new trial was filed which was overruled. After verdict motion was filed by plaintiff for an attorney's fee to be taxed as a part of the costs. This motion was sustained and an attorney's fee in the amount of $300 was allowed and awarded to plaintiff.

From the verdict and judgment, the order overruling the motion for a new trial, and the award of an attorney's fee in favor of the plaintiff, the defendants have appealed.

The petition upon which the case was tried sets forth substantially that on or about October 14, 1945, the defendant Allen as owner with the defendant Middleton as agent sold to plaintiff a 1938 LaSalle convertible coupé automobile for '$1,350 and that plaintiff gave in payment therefor $800 in cash and a 1940 Packard six-cylinder, four-door sedan automobile of the agreed value of $550, whereas the ceiling price of the LaSalle automobile under regulations established pursuant to the Emergency Price Control Act was $912 without heater and radio or $950.40 with heater and radio.

The claim of the petition is based on a valuation with heater and radio making an over-ceiling exaction of $399.60, hence the valuation without heater and radio was and is of no importance in the determination of this case except in the ascertainment of the combined

ceiling price. This amount tripled is $1,198.80, however, by declaration of the petition and prayer plaintiff seeks under his claim for triple damages only $1,099.80.

To the petition the defendants filed separate answers. The answers were general denials of the allegations contained in the petition.

The pleadings put in issue the following questions: Was there a violation of the Act? Was plaintiff entitled to recover, if anything, up to three times the excess of the price exacted over the ceiling or only the excess? Was he entitled to recover an attorney's fee? If so, was the fee allowed excessive? If he was entitled to recover was he entitled to recover against one or both defendants?

The portion of the Act on which plaintiff bases his right of recovery is the following: "(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: *Provided, however,* That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation." 50 U. S. C. A., § 925.

Thus the burden devolved upon the plaintiff, in order to permit him to recover against the defendant Allen, to prove by a preponderance of the evidence (1) that he purchased the automobile from the said defendant, (2) that there was an established ceiling price for the automobile and that the price paid therefor was in excess of such established ceiling price, (3) the amount of the excess, and (4) that it was purchased for use other than in the course of trade or business. Shearer v. Porter, 155 F. 2d 77; Bowles v. Silverman, 57 F. Supp. 990, appeal dismissed, 145 F. 2d 1022; United States v. Siegel Bros., 52 F. Supp. 238; Young v. Wierenga, 314 Mich. 287, 23 N. W. 2d 92.

In order to permit a recovery against the defendant Middleton, the burden devolved on plaintiff in addition to prove that Middleton was acting as agent for the defendant Allen.

It will be observed from a reading of the provision quoted that the maximum liability of a seller is three times the amount of the overcharge. It will be further observed that if the defendant shall prove that the violation of the price schedule was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation that no award or judgment may be made in excess of the overcharge. It will also be observed that in the absence of proof by the defendant that the violation was not willful nor the result of failure to take practicable precautions against the occurrence of the violation the amount allowable is a matter resting in the discretion of the court within the range of the overcharge and three times that amount.

The defendants, as ground for reversal, assert that the plaintiff has failed to sustain the burden imposed upon him in consequence whereof the trial court erred in overruling motions made at the close of plaintiff's evidence and at the close of all the evidence to dismiss the action. Also as ground for reversal defendants assert that the court erred in taking judicial notice of the

price ceiling established by the Office of Price Administration for the automobile in question; that the court erred in giving certain instructions and in refusing to give one instruction tendered by the defendants; and that the court erred in fixing the amount of the attorney's fees for plaintiff's attorneys.

On the trial of the cause, in proof of the ceiling price of the automobile purchased, plaintiff directed the attention of the court to the maximum price regulations for said automobile as contained in the Federal Register, an official publication of the United States government promulgated and published under authority of law. Of the ceiling price of the automobile as it appeared in the Register the court took judicial notice without further proof. This action of the trial court defendants assert was error and that without this the record stands devoid of evidence of an established ceiling price for the automobile.

This contention of defendants may not be sustained. This court has said: "Where a statute authorizes executive officers to make general rules for the conduct of public business, and such rules are duly made and published, the courts will take judicial notice of them." Larson v. First Nat. Bank of Pender, 66 Neb. 595, 92 N. W. 729; Powell v. Anderson, 147 Neb. 872, 25 N. W. 2d 401.

It has also been said: "That state courts will take judicial notice of general rules and regulations, established and published by federal agencies under authority of law, is generally accepted." Powell v. Anderson, *supra.*

The trial court therefore properly took judicial notice of the ceiling price of the said automobile as that price was found in the Federal Register and properly submitted that price to the jury for consideration.

What has been said here with regard to judicial notice of the price of the automobile purchased by plaintiff

is equally applicable to the one surrendered by plaintiff as a part of the purchase price.

The judicial information which came to the court in this connection showed that the ceiling price of the automobile purchased was $912 without heater and radio and was $950.40 with these accessories. This information was, by appropriate instruction, communicated to the jury for consideration with all the other evidence in the case.

The basis of the contention that the court erred in refusing to sustain the motions made at the close of plaintiff's evidence and the close of the entire evidence is that plaintiff has failed to sustain the burden devolving upon him as hereinbefore announced and pointed out.

We are convinced that the contention of the defendants in this connection may not be sustained and that on the record the court was required to submit the issues made by the pleadings to a jury for determination. The question of whether or not they were submitted on proper principles and theories will be considered later herein.

As pointed out plaintiff showed that he purchased for $1,350 an automobile the ceiling price of which was $912 without heater and radio and $950.40 with heater and radio, the difference between the two in the one instance being $438 and the other $399.60. There was no counter evidence.

With the valuation without heater and radio the trial court was not properly concerned except insofar as that amount entered into the ascertainment of value with heater and radio since by his petition plaintiff seeks a recovery on the basis of a difference of $399.60 and not $438.

It therefore becomes clear that there was sufficient evidence upon which a verdict could be grounded finding that plaintiff purchased the automobile at a price in excess of the established ceiling price.

There was evidence that the defendant J. Prescott

Allen was the owner of the automobile purchased by plaintiff. Also there was evidence showing that the said automobile was not purchased by plaintiff for use in the ordinary course of trade or business. As to the defendant Walter J. Middleton there was evidence that he was the agent of the defendant Allen in the making of the sale of the automobile to plaintiff. The weight of the evidence on these questions was for the jury and we do not hesitate to say that it was ample for submission.

The rule as above stated is that the evidence on these points must preponderate in favor of plaintiff. Whether it did or did not was not a question for the trial court nor is it one for this court. The trial court correctly instructed that the weight of evidence was a question for determination by the jury.

This court will not disturb the findings of a jury unless on an examination of the record it may be said that such findings are not supported by any evidence or are clearly wrong. Rolfe v. Pilloud, 16 Neb. 21, 19 N. W. 970; Sippel v. Missouri P. Ry. Co., 102 Neb. 597, 168 N. W. 356; Curran v. Union Stock Yards Co., 111 Neb. 251, 196 N. W. 135; Dougherty v. Omaha & C. B. Street Ry. Co., 113 Neb. 356, 203 N. W. 538.

The trial court did not err in refusing to sustain the motions of defendants for dismissal of the action.

We revert now to the question of whether or not the issues were submitted under proper theories and on a proper basis. These questions must be ascertained and determined by an analysis of the statutory provisions quoted herein related to the subject of ceiling prices and the rights and liabilities incident to a violation thereof and an application thereof to the facts as disclosed by the record herein.

In this light it is to be observed that a jury found that plaintiff purchased an automobile from defendants at a price in excess of the established ceiling price. The finding of the jury in this respect is upheld. What then

shall the exaction or response of the defendants be under the Act? The trial court, in instruction No. 9, instructed the jury that it should be three times the amount of the overcharge.

This charge to the jury was incorrect and mistaken.

The Act clearly makes the liability of an offender three times the amount of the overcharge, but nowhere and under no circumstances does it require that there shall be such an exaction against an offender. The Act by clear and unmistakable implication distinguishes between liability and amount necessary to be exacted. There is an alternative to this where an amount not less than $25 nor more than $50 may be allowed but it has no application here since the amount of the proved overcharge here removes the alternative from consideration in this case.

This distinction operates in two different instances or ways. In a case where the defendant sustains the burden of showing that "the violation * * * was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation" the exaction may be only the amount of the overcharge, notwithstanding the named liability is three times that amount. In a case where there is no proof that the violation was not willful and not the result of failure to take practicable precautions against the occurrence of violation, the liability is again three times the overcharge but the exaction need not be in that amount. The terms of the Act place the exaction at some point from the overcharge to three times that amount which point is to rest in the sound discretion of the court. Shearer v. Porter, *supra*.

The first instance of the distinction is not available here and the court did not err in failing to instruct thereon since the defendants neither pleaded nor attempted to prove that the violation, if it existed, was not willful and not the result of failure to take practicable precautions against occurrence of violation.

As to the other instance the appellants point out in

their brief that the trial court, instead of submitting to the jury only the determination of the overcharge and retaining to itself the determination of the exaction within the liability, instructed the jury, in case of finding of violation, to return a verdict for triple the amount of the overcharge. They point out that it gave no heed to the statutory provision that increased damage was a matter of discretion. This, it is contended, was error.

That this was error there can be no question. In dealing with this question, it was said in Shearer v. Porter, *supra,* "For the court to have viewed the assessment of treble damages as being legally mandatory under the statute and not to have permitted the question of increasing the damages and their amount to be determined on the basis of appraisal of the facts and exercised discretion, as discussed in the Goebel case, was error, for which judgment must be reversed." See Bowles v. Goebel, 151 F. 2d 671.

The procedure approved in Shearer v. Porter, *supra,* for such cases is that the question of the overcharge shall be submitted to the jury and if the defendant shall establish that the overcharge was neither willful nor the result of failure to take practicable precautions against its occurrence then judgment shall be rendered for the overcharge, but if the defendant shall fail to prove that the overcharge was neither willful nor the result of failure to take practicable precautions against its occurrence then the matter of increasing the damages and the amount of such increase shall be determined by the court on the basis of the facts and an exercised discretion.

Another or alternative procedure approved in that case was the submission of the question of increased damages to the jury under proper and suitable instructions.

This alternative procedure is not approved here. The statute referred to herein which provides the basis for actions such as this one, by its terms, appears to us to place the matter of increased damages exclusively in

the hands of the court without any aid from a jury. We do not see fit to extend the right or power granted beyond the express declaration of the statute.

Plaintiff contends that the failure to follow the statute in regard to the fixing of increased damages is not prejudicial to defendants and hence furnishes no ground for reversal. He says that the judgment was for less than three times the overcharge as shown by the evidence in the case hence defendants may not be heard to complain.

It is obvious for reasons already appearing herein that this contention may not be sustained. The judgment clearly is for more than the amount of the overcharge but not for three times the overcharge. The amount of the excess over the overcharge was not arrived at by an exercise of discretion by the court but by action of a jury. As pointed out this procedure is disapproved.

Again it is pointed out that the assessment of treble damages is not necessary under the statute. The following from Shearer v. Porter, *supra*, is apropos and controlling in these circumstances: "We have indicated that the judgment is required to be reversed for the trial judge's error in regarding the assessment of treble damages as being mandatory under the statute and not allowing the question to be determined as a matter of judgment or exercised discretion on the circumstances of the case."

Defendants contend that the court erred in fixing the amount of the attorney's fees for plaintiff's attorneys. This assignment does not require consideration since, as indicated, the case is to be reversed.

To summarize, which summary covers generally all of the assignments of error, the court did not err in taking judicial notice of established ceiling price regulations; the court did not err in submitting the case to a jury; the court did not err in giving any instruction except No. 9; the court did not err in refusing to give instruction No. 1 tendered by the defendants; and the matter of at-

torney's fees may not properly be considered on this appeal.

For the reasons herein stated the verdict and judgment of the district court are reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.