HENRY C. BOHY, APPELLANT, V. CHARLES B. ABBOTT ET AL.,
DOING BUSINESS AS ABBOTT & SONS, APPELLEES.

47 N. W. 2d 95

Filed April 6, 1951. No. 32872.

*Rose & Clinch,* for appellant.

*Guy Laverty* and *A. F. Alder,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAP-PELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Henry C. Bohy brought this action in the district court for Garfield County against Charles B. Abbott, Claude Abbott, and Clair Abbott, doing business as Abbott & Sons. The purpose of the action is to recover a balance claimed due for corn sold and delivered to defendants. At the close of the trial defendants moved for a directed verdict. This motion the court sustained. Plaintiff thereupon filed a motion for new trial and appeals from the overruling thereof.

Appellant testified that on April 2, 1946, he sold 330 bushels of corn to the defendants on condition that he could pick the price thereof by selecting the market price on some future date. The corn consisted of six loads. It was delivered to appellees one load at a time on the following dates: April 2, April 11, April 20, May 4, May 20, and June 5, 1946. Each load was paid

for on delivery at the then ceiling price. Appellant selected the market on July 2, 1946, to establish his price. The market price on July 2, 1946, was $2.00 a bushel. This was higher than the ceiling price paid at the different times the corn was delivered. It is this difference appellant seeks to recover.

The question is, was it illegal on April 2, 1946, under the orders and regulations of the Price Administrator then in force, to enter into a contract for the sale and immediate delivery of corn but reserve to the seller the right to fix the price thereof by picking the market price on some future date?

"State courts will take judicial notice of general rules and regulations established and published by federal agencies under authority of law." Keyser v. Allen, 149 Neb. 449, 31 N. W. 2d 309. See, also, Powell v. Anderson, 147 Neb. 872, 25 N. W. 2d 401.

Congress enacted the Emergency Price Control Act of 1942. 50 U. S. C A., §§ 901-946, pp. 313-449. This act created the Office of Price Administration. It also established the position of Price Administrator. It authorized the Price Administrator, by regulation or order, to establish maximum or ceiling prices on any commodity or commodities whenever, in his judgment, it was necessary to do so in order to carry out the purposes of the act.

Section 904 of the foregoing act, so far as here material, provided: "(a) It shall be unlawful, regardless of any contract, agreement, * * * or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, * * * or otherwise to do or omit to do any act, in violation of any regulation or order under section 2 [section 902 of this Appendix], or of any price schedule effective in accordance with the provisions of section 206 [section 926 of this Appendix], or of any regulation, order, or requirement under section 202 (b) or section 205 (f) [sections

922 (b) or 925 (f) of this Appendix], or to offer, solicit, attempt, or agree to do any of the foregoing."

This act was extended to remain in force until June 30, 1946, by amendment thereto enacted by Congress on June 30, 1945. See 59 U. S. Stat. at Large 306.

Pursuant to this authority the administrator, effective July 26, 1944, promulgated Part 1351, Federal Price Regulation 2, affecting food and food products. 9 Federal Register 8304. This regulation by section 1.2 (b) provides, so far as here material, as follows: "(b) *Adjustable pricing*. Any person may agree to sell at a price which can be increased up to the maximum price in effect at the time of delivery; * * *."

By Supplement 4 to Part 1351, Federal Price Regulation 2, effective February 26, 1945, dealing specifically with corn, the administrator fixed maximum or ceiling prices of this product. 10 Federal Register 2083. This regulation was in effect during the months of April, May, and June, 1946.

Supplement 4 contains the following provisions:

"Sec. 2. *Sales at other than maximum prices*. Regardless of any contract or obligation, no person shall sell or deliver, and no person shall in the course of trade or business buy or receive any corn covered by this supplement at a price above the maximum price established by this supplement, nor shall any person agree, solicit, offer or attempt to do any of the foregoing: * * *

"Sec. 3. *Evasion*. The price limitations set forth in this supplement shall not be evaded whether by direct or indirect methods, in connection with any offer, solicitation, agreement, sale, delivery, purchase, or receipt of, or relating to corn, alone or in conjunction with any other commodity, or by way of commission, service, transportation or other charge, or discount, premium or other privilege, or by tying agreement, or other trade understanding, or by any other means."

The term "deliver" as used in these regulations means a transfer of possession. See, Bowles v. Beucher, 53 F.

Supp. 984; United States v. Lutz, 142 F. 2d 985.

We find the agreement appellant claims he made to be in violation of these regulations of the Price Administrator and therefore not enforcible. In view thereof the holding of the trial court was correct and its decision is affirmed.

AFFIRMED.

MESSMORE, J., participating on briefs.